## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| ARTHUR F. MURFIN, an individual, | Case No: 1:25-CV-00664 |
| Plaintiff, | |
| v. | |
| UNITED STATES OF AMERICA, a political entity, THE DEPARTMENT OF DEFENSE, a department of the government of the United States of America, PETER B. HEGSETH, in his official capacity as Secretary of Defense, THE UNITED STATES DEPARTMENT OF THE AIR FORCE, a department of the government of the United States of America, and TROY E. MEINCK, in his official capacity as Secretary of the Air Force, | COMPLAINT

Judge: |
| Defendants. | |

COMES NOW the Plaintiff, ART MURFIN (hereafter referred to as "MURFIN"), by and

through undersigned counsel, Counxel Legal Firm (Andrew N. Morrow Esq.) and hereby files

this Complaint against the Defendant, UNITED STATES OF AMERICA (hereafter referred to

1

as "U.S.A." or "Defendant"), the Department of Defense, Peter E. Hegseth in his official capacity, The United States Department of the Air Force and Troy E. Meinck in his official capacity as secretary of the Air Force, for violations of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq*., Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), 29 U.S.C. § 791 *et seq*. and violations of the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2611 *et seq*. In support of this Complaint, Plaintiff hereby states, avers and alleges as follows:

## NATURE OF THE ACTION

1.      This is a civil action brought by ART MURFIN against the UNITES STATES OF AMERICA, for violations of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq*., Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), 29 U.S.C. § 791 *et seq*. and violations of the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2611 *et seq*. for actions in connection with Plaintiff's employment and termination therefrom.

2.      Defendant's actions, during the Plaintiff's employment and termination therefrom impermissibly discriminated against Plaintiff on the basis and grounds of his age and in retaliation for his exercise of his rights under Title VII and in retaliation for his exercise of his rights under the FMLA.

3.      Plaintiff originally exercised his rights under Title VII by complaining of Plaintiff's acts in employment while Plaintiff was employed as a federal civilian employee for the Air Force.

4.    Plaintiff then suffered retaliation from the Defendant for that complaining which culminated in Plaintiff's termination, presumptively in discrimination against Plaintiff's age and in retaliation for Plaintiff's exercising of his rights under Title VII.

5.    Additionally, Plaintiff exercised his rights under the FMLA at the same time of these events and Defendant's actions in terminating Plaintiff were in such temporal proximity to Plaintiff's exercise of his rights under the FMLA that the termination was presumptively in retaliation for Plaintiff's exercise of his rights under the FMLA

**JURISDICTION AND VENUE**

6.  Plaintiff hereby references and reincorporates each preceding line as if fully set forth hereat.

7.  This Court has jurisdiction over the subject matter of this action pursuant to Section 2000e(5) of Title VII, Section 794(a) of the Rehabilitation Act and Section 2617 of the FMLA.

8.  Venue is proper in this District and Court as the Plaintiff was employed at Kirtland Air Force Base during the time of the events complained of in this Complaint.

9.  This Court has jurisdiction over the Parties as this matter arises out of federal statutes and federal questions.

10. Upon information and belief, if discovery reveals that one or more entities, individuals or parties which is not yet a Party to this action is the true perpetrator of the acts and omissions which give rise to this Complaint then the acts and omissions of that non-Party are imputable and attributable to the named Defendant.

**NOTICE**

11. Plaintiff hereby references and reincorporates each preceding line as if fully set forth hereat.

12. Notice of the commencement of this action is given to the Defendant by service of process upon the Defendant's address of record.

## AUTHORITY

13. Plaintiff hereby references and reincorporates each preceding line as if fully set forth hereat.

14. Authority to bring this action is vested in private individuals such as the Plaintiff by Section 2000e(5) of Title VII, Section 794(a) of the Rehabilitation Act and Section 2617 of the FMLA.

## THE DEFENDANTS

15. Plaintiff hereby references and reincorporates each preceding line as if fully set forth hereat.

16. A Defendant in this action is the UNITED STATES OF AMERICA as the entity Plaintiff was employed by was the United States Air Force and all individuals that Plaintiff worked under and had control over Plaintiff's employment and termination were employees in or officers of the United States Air Force.

17. A Defendant in this action is THE DEPARTMENT OF DEFENSE as the entity Plaintiff was employed by was the United States Air Force, which is under the Department of Defense, and all individuals that Plaintiff worked under and had control over Plaintiff's employment and termination were employees in or officers of the United States Air Force.

18. A Defendant in this action is PETER B. HEGSETH as the entity Plaintiff was employed by was the United States Air Force, which is under the Department of Defense, and all individuals that Plaintiff worked under and had control over Plaintiff's employment and termination were employees in or officers of the United States Air Force, and it is required to name as a Defendant in any such action the official Department and Department Head that the Plaintiff worked under.

19. A Defendant in this action is THE DEPARTMENT OF THE AIR FORCE as the entity Plaintiff was employed by was the United States Air Force, and all individuals that Plaintiff worked under and had control over Plaintiff's employment and termination were employees in or officers of the United States Air Force.

20. A Defendant in this action is TROY E. MEINCK as the entity Plaintiff was employed by was the United States Air Force, and all individuals that Plaintiff worked under and had control over Plaintiff's employment and termination were employees in or officers of the United States Air Force, and it is required to name as a Defendant in any such action the official Department and Department Head that the Plaintiff worked under.

21. All of the Defendants are or are part of the government as the US Air Force/Space Force Research Lab which Plaintiff was employed at falls under the Department of the Air Force, and the Department of Defense and the proper defendants in any such action are all of the entities herein named.

## STATUTORY AND REGULATORY BACKGROUND

22. Plaintiff hereby references and reincorporates each preceding line as if fully set forth hereat.

23. Title VII of the Civil Rights Act was enacted to prohibit discrimination and retaliation in the workplace based upon a variety of employee characteristics and to provide remedies for parties aggrieved by discrimination and retaliation.

24. The Rehabilitation Act of 1973 was enacted to prohibit discrimination and retaliation in the workplace based upon an employee's disability and to provide remedies for parties aggrieved by discrimination and retaliation.

25. The Family and Medical Leave Act was enacted to provide covered individuals with protections for absences based upon familial and medical events and to provide remedies for parties aggrieved by discrimination and retaliation based upon exercise of rights thereunder.

*Prohibition on Discrimination in Employment*

26. Under Title VII, the term "person" includes one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under Title 11, or receivers.

27. Under Title VII, the term "employee" means an individual employed by an employer, except that the term "employee" shall not include any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or any person chosen by such officer to be on such officer's personal staff, or an appointee on the policy

making level or an immediate adviser with respect to the exercise of the constitutional or legal powers of the office. The exemption set forth in the preceding sentence shall not include employees subject to the civil service laws of a State government, governmental agency or political subdivision. With respect to employment in a foreign country, such term includes an individual who is a citizen of the United States.

28. Under Title VII, it shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter

***Prohibition on Discrimination or Retaliation based upon Disability***

29. Under the Rehabilitation Act, the standards used to determine whether this section has been violated in a complaint alleging non-affirmative action employment discrimination under this section shall be the standards applied under the Americans with Disabilities Act of 1990, as such sections relate to employment.

30. Under the Americans with Disabilities Act of 1990, no covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application

7

procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

***Prohibition on Discrimination or Retaliation based upon Exercising Rights under the FMLA***

31. Under the FMLA, the term "eligible employee" means an employee who has been employed **(i)** for at least 12 months by the employer with respect to whom leave is requested; and, **(ii)** for at least 1,250 hours of service with such employer during the previous 12-month period.

32. Under the FMLA, it shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

***Who May Bring a Suit***

33. Section 2000e(5) of Title VII authorizes aggrieved private individuals to bring a suit under Title VII of the Civil Rights Act after exhausting administrative remedies.

34. Section 794(a) of the Rehabilitation Act authorizes aggrieved private individuals to bring a suit under the Rehabilitation Act after exhausting administrative remedies.

35. Section 2617 of the FMLA authorizes aggrieved private individuals to bring a suit under the Family and Medical Leave Act without a need to exhaust any administrative remedies prior to suit.

36. Plaintiff exhausted his required administrative remedies on May 29th, 2025 when he was issued a Decision by the Equal Employment Opportunity Commission which affirmed his

termination by Defendant and included notice of his right to file a civil action within ninety (90) days of the issuance of the Decision.

*Relief Available*

37. In a civil action brought by an aggrieved person under all of the preceding Acts, the aggrieved person may recover damages for wrongful termination as well as a compelled reinstatement to his former position with compensation. The Court may also grant, as it deems appropriate, any permanent or temporary injunction, temporary restraining order or any other order it deems appropriate to accomplish the aims of the specified Acts.

38. The prevailing party in a civil action brought under the Acts may be awarded their reasonable attorney's fees and costs.

## GENERAL ALLEGATIONS

39. Plaintiff hereby references and reincorporates each preceding line as if fully set forth hereat.

40. Plaintiff has worked at the US Air Force/Space Force Research lab which falls under the Department of the Air Force since August 6, 2017.

41. Plaintiff has had a long standing of having an "acceptable" performance appraisal up until Plaintiff needed work accommodations.

42. Plaintiff went to the doctor and was found to have sleep apnea undiagnosed since September 9, 2011, which meant he would need more time to sleep.

43. Plaintiff filed a Certification of Health Care Provider for Employee's Serious Health Condition under the Family and Medical Leave Act documenting the sleep apnea, needing

more hours of sleep, having at least two check in appointments throughout the year, requesting the afternoon shift, and waring that Plaintiff may have episodes throughout the workday causing him to be absent for 2 to 8 hours.

44. The Certification was signed by Plaintiffs medial provider, dated July 28, 2021.

45. On January 18, 2022, Plaintiffs physician sent a letter to the Department of the Air Force to provide notice and proof of his need for light duty after his hernia surgery that was discovered during the January visit.

46. Plaintiffs' hernia surgery was scheduled for July of 2022, and then rescheduled to August of 2022, giving employer ample time to plan for accommodations.

47. Following the letter, on March 15, 2022, a memorandum was sent to Plaintiff and his workplace notifying all relevant parties that Plaintiff was going to be on temporary light duty until he can return to full work duty.

48. On or about April 15, 2022, Supervisor 1 for Plaintiff denied the request for telework during Plaintiff's surgery recovery without any discussion with Plaintiff regarding the accommodation.

49. Following the denial of the request, Plaintiff was given a low score of 1 for his performance appraisal, falling into the unacceptable category.

50. On the basis of not being accommodated for and then being given a low score for no reason, Plaintiff filed an EEO complaint on or around September 8, 2022, based on age discrimination, disability, and in reprisal for his prior EEO activity.

51. The Agency dismissed the claim stating that besides Plaintiffs speculation there is no evidence for the claims.

52. On or around September 26, 2024, Plaintiff filed another Certificate stating that he would need leave for incapacity plus treatment beginning on May 25, 2023, and lasting until August 22, 2023, with checkup appointments on June 19, 2023 and August 22, 2023.

53. The Certificate stated that if Plaintiff does not lift anything heavier than 5 pounds and does not bend or twist, he can return to work.

54. This request was denied.

55. Plaintiff received a notice of proposed removal on or about January 27, 2025, for "Conduct Unbecoming Federal Employee."

56. Plaintiff responded on February 18, 2025, explaining the reasons were insufficient and that he was set up to make these mistakes.

57. For example, one issue was Plaintiff accessing a building outside of his work hours but Plaintiff refuted this claim by stating that they did not shut off his access like they should, setting him up to make a mistake.

58. Another instance was that Plaintiff would go to work early to avoid being late for his shift and the Agency said he was failing to observe his regularly scheduled tour of duty although many employees are known to go in a couple minutes early to avoid being late for work.

59. On or about April 22, 2025, Plaintiff was removed from his federal service effective that same day, restating the corroborated examples above and more.

60. Plaintiff hereby reserves the right to amend or supplement any and all lines of this Complaint as necessary as facts, Parties and theories may be discovered.

### COUNT ONE: RETALIATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT

61. Plaintiff hereby references and reincorporates each preceding line as if fully set forth hereat.

62. On June 8, 2022 Plaintiff filed a formal EEO Complaint, alleging discrimination based upon age, disability and reprisal for earlier EEO activity.

63. Following this EEO Complaint Plaintiff returned to working his normal duties however he was subjected to a pattern of activity that encompassed harassment, retaliation and discrimination in his employment in the ways enumerated herein, including but not necessarily limited to, being held to standards different than his peers, being subjected to discipline without cause, and being subjected to verbal harassment.

64. This pattern of activity was done in retaliation for Plaintiff's exercising of his rights under Title VII and by filing his EEO complaint.

65. This pattern of activity done in retaliation culminated on January 27, 2025 when Plaintiff was provided with a Notice of Proposed Removal, indicating his pending termination from employment.

66. The removal was planned for pretextual reasons including misconduct in performance but was actually done as a culmination of retaliation for Plaintiff's previous EEO activity.

67. The removal was effectuated on April 22, 2025.

68. Plaintiff's removal was done in violation of Title VII of the Civil Rights Act as it was done in retaliation for Plaintiff's previous exercise of rights to make an employment Complaint.

69. Therefore, Defendant is liable to Plaintiff for Retaliation under Title VII of the Civil Rights Act.

**COUNT TWO: DISCRIMINATION UNDER THE REHABILITATION ACT OF 1973**

70. Plaintiff hereby references and reincorporates each preceding line as if fully set forth hereat.

71. A cause of action under the Rehabilitation Act of 1973 has the same elements as a cause of action under the Americans with Disabilities Act.

72. Plaintiff has at least one disability under the meaning of the Americans with Disabilities Act.

73. Plaintiff was otherwise qualified for the position he occupied, with or without reasonable accommodation.

74. Plaintiff's disability was the motivating factor in the Defendant's decision to terminate Plaintiff from his employment due to the close causal nexus between the Plaintiff's termination and the Plaintiff's notification to the Defendant of his status as disabled and all other reasoning for Plaintiff's termination was pretextual.

75. Therefore, Defendant is liable to Plaintiff for Discrimination under the Rehabilitation Act of 1973.

**COUNT THREE: RETALIATION UNDER THE FAMILY AND MEDICAL LEAVE ACT**

76. Plaintiff hereby references and reincorporates each preceding line as if fully set forth hereat.

77. Plaintiff was a qualifying individual under the Family and Medical Leave Act as he worked for Plaintiff for at least the statutorily prescribed time before exercising his rights under the FMLA.

78. Plaintiff exercised his rights under the Family and Medical Leave Act by seeking absence protections for absences he took due to qualifying medical events.

79. Nevertheless, Defendant subjected Plaintiff to the disciplinary process which ultimately led to Plaintiff's termination within a close temporal nexus to Plaintiff's exercise of his rights under the Family and Medical Leave Act such that Defendant's actions are presumptively retaliatory.

80. Therefore, Defendant is liable to Plaintiff for Retaliation under the Family and Medical Leave Act.

## PRAYER FOR RELIEF

**WHEREFORE,** on the basis of the preceding allegations, the Plaintiff hereby prays that this Court grant the Plaintiff the following relief:

1. Grant Plaintiff an award of damages in an amount to be proven at trial but for not-less-than $1,000,000;

2. Reinstate Plaintiff to his full employment retroactive to the date of his termination as-if he was not removed;

3. Grant Plaintiff an award of all costs and attorney's fees incurred in this action as allowed by all applicable law;

14

4.  Award Plaintiff any and all other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 14th day of July, 2025.

COUNXEL LEGAL FIRM

*/s/  Andrew Morrow*
Andrew Morrow
2222 S. Dobson Rd. Suite 1104
Mesa, AZ  85202
*Attorney for Plaintiff*