IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ARTHUR F. MURFIN,

Plaintiff,

v. 25cv664 JFR/JMR

UNITED STATES OF AMERICA, et al.,

Defendants.

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants United States of America, the Department of Defense, Peter B. Hegseth, the United States Department of the Air Force, and Dr. Troy Meink, by and through their undersigned counsel, hereby submit this Answer to Plaintiff's Complaint, Doc. 1, as follows.[1]

**NATURE OF THE ACTION**

1. Defendants admit the allegations in Paragraph 1 to the extent that it summarizes Plaintiff's claims. To the extent it contains factual or legal allegations, those allegations are denied.

2. Defendants deny the allegations in Paragraph 2.

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and, on that basis, deny them.

4. Defendants deny the allegations in Paragraph 4.

5. Defendants deny the allegations in Paragraph 5.

**JURISDICTION AND VENUE**

6. Defendants incorporate and restate their responses to Paragraphs 1 through 5 of the Complaint.

[1] For ease of reference, this Answer replicates the headings and titles contained in the Complaint, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied. Additionally, paragraphs 1-80 correspond with those presented in the Complaint.

7. Defendants lack knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 7 and, on that basis, deny them.

8. Defendants lack knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 8 and, on that basis, deny them.

9. Defendants lack knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 9 and, on that basis, deny them.

10. Defendants deny the allegations in Paragraph 10.

## NOTICE

11. Defendants incorporate and restate their responses to Paragraphs 1 through 10 of the Complaint.

12. Defendants lack knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 12 and, on that basis, deny them.

## AUTHORITY

13. Defendants incorporate and restate their responses to Paragraphs 1 through 12 of the Complaint.

14. Defendants lack knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 14 and, on that basis, deny them.

## THE DEFENDANTS

15. Defendants incorporate and restate their responses to Paragraphs 1 through 14 of the Complaint.

16. Defendants admit that the United States of America is a defendant in this action. The Defendants lack knowledge or information sufficient to form a basis as to the truth of the remaining allegations in Paragraph 16 and, on that basis, deny them.

17. Defendants admit that the Department of Defense, which was recently rebranded as the Department of War, is a defendant in this action. The Defendants lack knowledge or information sufficient to form a basis as to the truth of the remaining allegations in Paragraph 17 and, on that basis, deny them.

18. Defendants admit that Peter B. Hegseth is a defendant in this action. The Defendants lack knowledge or information sufficient to form a basis as to the truth of the remaining allegations in Paragraph 18 and, on that basis, deny them.

19. Defendants admit that the Department of the Air Force is a defendant in this action. The Defendants lack knowledge or information sufficient to form a basis as to the truth of the remaining allegations in Paragraph 19 and, on that basis, deny them.

20. Defendants admit that Troy Meink, named in the complaint as "Troy Meinck," is a defendant in this action. The Defendants lack knowledge or information sufficient to form a basis as to the truth of the remaining allegations in Paragraph 20 and, on that basis, deny them.

21. Defendants admit that the Defendants in this case are either the United States of America or agencies or employees of the United States of America. Defendants deny the remaining allegations in Paragraph 21.

## STATUTORY AND REGULATORY BACKGROUND

22. Defendants incorporate and restate their responses to Paragraphs 1 through 21 of the Complaint.

23. Defendants lack knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 23 and, on that basis, deny them.

24. Defendants lack knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 24 and, on that basis, deny them.

25. Defendants lack knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 25 and, on that basis, deny them.

***Prohibition on Discrimination in Employment***

26. Defendants lack knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 26 and, on that basis, deny them.

27. Defendants lack knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 27 and, on that basis, deny them.

28. Defendants lack knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 28 and, on that basis, deny them.

***Prohibition on Discrimination or Retaliation based upon Disability***

29. Defendants lack knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 29 and, on that basis, deny them.

30. Defendants lack knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 30 and, on that basis, deny them.

***Prohibition on Discrimination or Retaliation based upon Exercising Rights under the FMLA***

31. Defendants lack knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 31 and, on that basis, deny them.

32. Defendants lack knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 32 and, on that basis, deny them.

***Who May Bring a Suit***

33. Defendants deny the allegations in Paragraph 33.

34. Defendants lack knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 34 and, on that basis, deny them.

35. Defendants lack knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 35 and, on that basis, deny them.

36. Defendants admit that, on May 29, 2025, the U.S. Equal Employment Opportunity Commission issued a decision in Appeal No. 2024001323, Agency No. 8Y1G2200745F23, signed by Carlton M. Hadden, that stated Plaintiff had the right to file a civil action in an appropriate U.S. District Court within 90 calendar days from the date of receipt.

***Relief Available***

37. Defendants lack knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 37 and, on that basis, deny them.

38. Defendants lack knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 38 and, on that basis, deny them.

## GENERAL ALLEGATIONS

39. Defendants incorporate and restate their responses to Paragraphs 1 through 38 of the Complaint.

40. Defendants admit the allegations in Paragraph 40.

41. Defendants lack knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 41 and, on that basis, deny them.

42. Defendants lack knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 42 and, on that basis, deny them.

43. Defendants lack knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 43 and, on that basis, deny them.

44. Defendants note that Paragraph 44 has an apparent typographical error and lack knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 44 and, on that basis, deny them.

45. Defendants admit that Plaintiff's doctor sent a light duty letter on January 18, 2022, but deny the remaining allegations.

46. Defendants lack knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 46 and, on that basis, deny them.

47. Defendants admit that, on March 15, 2022, Plaintiff's supervisor sent a letter to Plaintiff placing him on temporary light duty until he could return to full duty. Defendants deny the remaining allegations in Paragraph 47.

48. Defendants admit that Plaintiff's supervisor denied the request for telework on or about April 15, 2022. Defendants deny the remaining allegations in Paragraph 48.

49. Defendants admit that Plaintiff received a 1 on his 2022 performance appraisal, which was in the unacceptable category. Defendants deny the remaining allegations in Paragraph 49.

50. Defendants admit that Plaintiff filed his initial EEO complaint discussing his performance appraisal on or around September 8, 2022. Defendants deny the remaining allegations in Paragraph 50.

51. Defendants deny the allegations in Paragraph 51.

52. Defendants deny the allegations in Paragraph 52.

53. Defendants deny the allegations in Paragraph 53.

54. Defendants deny the allegations in Paragraph 54.

55. Defendants lack knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 55 and, on that basis, deny them.

56. Defendants admit that Plaintiff responded to the notice of removal on February 18, 2025, but deny the remaining allegations in Paragraph 56.

57. Defendants admit the Plaintiff accessed a building outside of his work hours, in violation of policy, but deny the remaining allegations in Paragraph 57.

58. Defendants admit that Plaintiff went to work early numerous times and that this failed to follow his regularly scheduled tour of duty, in violation of policy, but lack knowledge or information sufficient to form a basis as to the truth of the remaining allegations in Paragraph 58 and, on that basis, deny them.

59. Defendants admit that Plaintiff was removed from duty on or about April 22, 2025, but deny the allegations in the phrase "restating the corroborated examples above and more" and deny all remaining allegations in Paragraph 59.

60. Defendants deny the allegations in Paragraph 60.

**COUNT ONE: RETALIATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT**

61. Defendants incorporate and restate their responses to Paragraphs 1 through 60 of the Complaint.

62. Defendants deny the allegations in Paragraph 62.

63. Defendants deny the allegations in Paragraph 63.

64. Defendants deny the allegations in Paragraph 64.

65. Defendants deny the allegations in Paragraph 65.

66. Defendants deny the allegations in Paragraph 66.

67. Defendants deny the allegations in Paragraph 67.

68. Defendants deny the allegations in Paragraph 68.

69. Defendants deny the allegations in Paragraph 69.

**COUNT TWO: DISCRIMINATION UNDER THE REHABILITATION ACT OF 1973**

70. Defendants incorporate and restate their responses to Paragraphs 1 through 69 of the Complaint.

71. Defendants are without knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 71 and, on that basis, deny them.

72. Defendants deny the allegations in Paragraph 72.

73. Defendants deny the allegations in Paragraph 73.

74. Defendants deny the allegations in Paragraph 74.

75. Defendants deny the allegations in Paragraph 75.

**COUNT THREE: RETALIATION UNDER THE FAMILY AND MEDICAL LEAVE ACT**

76. Defendants incorporate and restate their responses to Paragraphs 1 through 75 of the Complaint.

77. Defendants lack knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 77 and, on that basis, deny them.

78. Defendants deny the allegations in Paragraph 78.

79. Defendants deny the allegations in Paragraph 79.

80. Defendants deny the allegations in Paragraph 80.

**PRAYER FOR RELIEF**

81. Defendants deny Plaintiff's prayer for relief in the unnumbered paragraph beginning with "WHEREFORE."

82. Defendants deny any allegation not specifically admitted herein.

**DEFENDANTS' ADDITIONAL AND/OR AFFIRMATIVE DEFENSES**

1. Plaintiff fails to state a claim upon which relief may be granted.

2. Plaintiff cannot establish the essential elements of his claims.

3. Even if Plaintiff could establish a prima facie case of discrimination, disparate treatment, or retaliation under Title VII, the Rehabilitation Act, the Family and Medical Leave Act, or any other statute, which is denied, Defendants had legitimate, non-discriminatory business reasons for their actions.

4. Plaintiff fails to set forth a causal connection between his alleged protected activity and any adverse action.

5. Plaintiff's claims are barred to the extent he has failed to timely exhaust his administrative remedies.

6. To the extent that Plaintiff's claims were not the subject of an administrative claim, this Court lacks jurisdiction over those claims under 28 U.S.C. § 2675(a).

7. Plaintiff has failed to mitigate his damages, if any.

WHEREFORE, having fully answered the Complaint, the Defendants pray for judgment in favor of Defendants, that Plaintiff's prayer for relief be denied, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

TODD BLANCHE
Acting Attorney General
RYAN ELLISON
First Assistant United States Attorney

*/s/ Peter Haynes*
PETER HAYNES
Assistant United States Attorney
201 Third Street NW, Suite 900
Albuquerque, New Mexico 87102

(505) 346-7274; Fax (505) 346-7205
Peter.Haynes@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 20, 2026, I filed the foregoing electronically through the CM/ECF system and mailed the following pro se party this filing by first-class postal mail:

Arthur Murfin
PO Box 5151
Albuquerque, NM 87185

*/s/ Peter Haynes*
PETER HAYNES
Assistant United States Attorney