FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
MAY 27 2026
ERIK PALTROW
CLERK

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**ARTHUR F. MURFIN,**

Plaintiff,

v. **Case No. 1:25-cv-00664-JFR-JMR**

**UNITED STATES OF AMERICA, et al.,**

Defendants.

**PLAINTIFF'S OPPOSED MOTION TO STAY ALL DATES AND PROCEEDINGS PENDING DECISION BY THE MERIT SYSTEMS PROTECTION BOARD**

Plaintiff Arthur F. Murfin respectfully moves the Court for an order staying all dates, deadlines, hearings, and proceedings in this matter until after the Merit Systems Protection Board ("MSPB") decides issues that bear directly on this case, including whether the penalty imposed against Plaintiff was too severe and whether the Air Force failed to provide Plaintiff a Performance Improvement Plan ("PIP") before taking the challenged personnel action.

Plaintiff further asks the Court to take note that, in Defendants' Answer, Defendants assert as their fifth additional and/or affirmative defense that Plaintiff's claims are barred to the extent Plaintiff failed to timely exhaust administrative remedies. This Motion addresses that stated concern by requesting that this Court stay these proceedings while the Merit Systems Protection Board completes its review of the related administrative issues. Plaintiff submits this request despite Defendants' objection to the stay.

Plaintiff requests that the Court stay this case until the MSPB issues its decision, and that the parties be directed to file a joint status report within thirty (30) days after the Merit Systems Protection Board decision is issued, or at another interval the Court finds appropriate.

**BACKGROUND**

1. Plaintiff filed this civil action against the United States of America and other Defendants. The Court's docket identifies this case as *Arthur F. Murfin v. United States of America, et al., Case No. 1:25-cv-00664-JFR-JMR.*

2. The Merit Systems Protection Board ("MSPB") matter is assigned MSPB Docket No. DE-0752-25-1151-I-1.

3. The MSPB is expected to decide issues that are material to this federal action, including but not limited to:

   a. whether the penalty imposed against Plaintiff was too severe under the applicable federal employment standards;

   b. whether the Air Force failed to provide Plaintiff a Performance Improvement Plan or other required opportunity to improve before imposing the challenged action;

   c. whether the agency's stated reasons for the challenged action are supported by the record; and

   d. whether the MSPB's findings will narrow, resolve, or materially affect the issues before this Court.

4. A stay will avoid duplicative proceedings, reduce the risk of inconsistent rulings, preserve party and judicial resources, and allow the Court and parties to proceed with the benefit of the MSPB's findings and decision.

5. A scheduling conference in this case is set for June 10, 2026. Plaintiff requests that the scheduling conference be vacated or continued pending the requested stay.

6. Current deadlines include the Joint Status Report due June 3, 2026. Plaintiff requests that these deadlines be stayed.

## LEGAL STANDARD

Federal courts have inherent authority to control their dockets and manage proceedings efficiently. In *Landis v. North American Co.*, the Supreme Court recognized a court's power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." 299 U.S. 248, 254–55 (1936).

## ARGUMENT

### *A. A stay is warranted because the MSPB will decide issues that directly affect this case.*

The MSPB proceedings concern core issues that overlap with this federal case. Plaintiff understands that the MSPB will consider whether the penalty imposed against him was too severe, whether the Air Force failed to provide a Performance Improvement Plan, and related issues concerning the agency's handling of Plaintiff's employment matter.

Those findings may materially affect this case. If the MSPB decides that the penalty was excessive, that the Air Force failed to follow required performance procedures, or that the agency lacked sufficient support for the action taken, those findings may narrow the issues before this Court and affect the parties' positions. Conversely, requiring this case to proceed before the MSPB decides those matters may force the parties and Court to address issues that may later be clarified, narrowed, or resolved by the administrative decision.

***B. A temporary stay will conserve judicial resources and avoid duplicative proceedings.***

Without a stay, the parties may need to litigate issues in this Court at the same time those issues are being considered by the MSPB. That creates a risk of duplicative briefing, overlapping factual development, and avoidable expense. It also creates the risk that this Court and the MSPB will be asked to evaluate related factual and legal issues on parallel tracks.

A stay would promote efficiency by allowing the MSPB process to conclude first. After the MSPB issues its decision, the parties can advise the Court what issues remain, whether any claims have been narrowed or resolved, and what schedule is appropriate going forward.

***C. The requested stay is limited and fair.***

Plaintiff is not requesting dismissal or indefinite delay. Plaintiff requests a stay only until after the MSPB decides the related issues. To ensure the Court remains informed, Plaintiff proposes that the parties file a joint status report within thirty (30) days after the Merit Systems Protection Board issues its decision. Alternatively, the Court may order periodic status reports every ninety (90) days while the MSPB matter remains pending.

This limited stay will not unfairly prejudice Defendants. Defendants are already participating in or are aware of the related federal employment proceedings, and the MSPB decision should assist all parties in identifying what issues remain for this Court. The requested stay therefore serves judicial economy while preserving the parties' rights.

***D. The current hearing and all case-management deadlines should be vacated or stayed.***

Because the MSPB's decision may affect the scope and direction of this litigation, Plaintiff respectfully requests that the Court stay all current dates, deadlines, and proceedings, including any

scheduled hearing, pending the MSPB decision. Proceeding with hearings, scheduling, responsive pleadings, discovery, or other deadlines before the MSPB rules may undermine the purpose of the stay and impose unnecessary costs on the parties and the Court.

## REQUESTED RELIEF

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order:

1. staying all dates, deadlines, hearings, and proceedings in this case pending the MSPB's decision in MSPB Appeal No. DE-0752-25-1151-I-1;

2. vacating or continuing any scheduling conference currently set for June 10, 2026;

3. directing the parties to file a joint status report within thirty (30) days after the Merit Systems Protection Board issues its decision;

4. alternatively, directing the parties to file periodic status reports every ninety (90) days while the MSPB proceeding remains pending; and

5. granting any further relief the Court deems just and proper.

Respectfully submitted,

Arthur F Martin

## CERTIFICATE OF SERVICE BY EMAIL

I certify that on 5-22-2023, I served the foregoing **Plaintiff's Opposed Motion to Stay All Dates and Proceedings Pending Decision by the Merit Systems Protection Board** by email on all counsel of record.

[signature]

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**ARTHUR F. MURFIN,**

Plaintiff,

v. **Case No. 1:25-cv-00664-JFR-JMR**

**UNITED STATES OF AMERICA, et al.,**

Defendants.

## ORDER GRANTING PLAINTIFF'S OPPOSED MOTION TO STAY ALL DATES AND PROCEEDINGS PENDING DECISION BY THE MERIT SYSTEMS PROTECTION BOARD

THIS MATTER is before the Court on Plaintiff's Opposed Motion to Stay All Dates and Proceedings Pending Decision by the Merit Systems Protection Board. Having reviewed the Motion, the record, and the applicable law, the Court finds that the Motion is well taken and should be GRANTED.

IT IS THEREFORE ORDERED that all dates, deadlines, hearings, and proceedings in this matter are STAYED pending the Merit Systems Protection Board's decision in MSPB Appeal No. DE-0752-25-1151-I-1.

IT IS FURTHER ORDERED that the scheduling conference currently set for June 10, 2026, is VACATED and may be reset by further order of the Court if appropriate.

IT IS FURTHER ORDERED that the parties shall file a joint status report within thirty (30) days after the Merit Systems Protection Board issues its decision. The status report shall advise the Court of the MSPB's decision, identify what issues remain for this Court, and propose a schedule for further proceedings if needed.

IT IS SO ORDERED.

JOHN F. ROBBENHAAR
United States Magistrate Judge

RMLY TO SEAL

FSC MIX Board FSC C116916

9589 0710 5270 3703 2552 86
POUCH

UNITED STATES ®

**PRIORITY®**
**MAIL**

elivery date specified for domestic use.
ipments include $100 of insurance (restrictions apply).*
ing® service included for domestic and many international destinations.
national insurance.**
nternationally, a customs declaration form is required.
ot cover certain items. For details regarding claims exclusions see the
nual at *http://pe.usps.com*.
l Mail Manual at *http://pe.usps.com* for availability and limitations of coverage.

**RECEIVED**
At Albuquerque, NM
MAY 27 2026
ERIK PALTROW
CLERK

UNITED STATES POSTAL SERVICE

87102

RDC 03

ARVADA, CO 80003
MAY 23, 2026
**$22.60**
S2324K504829-55

FROM:
Art Murfin
300 Nickel st. ste11
PMB 1031
Broomfield CO
80020

RETURN RECEIPT
REQUESTED

TO:
United states District Court
ATTN: CM/ECF Notifications
333 Lomas Blvd. NW, Suite 270
Albuquerque NM
87102

To schedule free Package Pickup,
scan the QR code.
USPS.COM/PICKUP

RATE ENVELOPE
ANY WEIGHT

ED ■ INSURED

how2recycle

EP14F October 2023

s packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments.
Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; October 2023; All rights reserved.