**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ARTHUR F. MURFIN,

Plaintiff,

vs. CIVIL NO. 25cv664 JFR/JMR

UNITED STATES OF AMERICA, et al.,

Defendant.

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a meeting was held on June 27, 2026, by telephone, and was attended by Arthur Murfin, Pro Se Plaintiff, and AUSA Peter Haynes for Defendants.

## NATURE OF THE CASE

**Plaintiff's summary:**

**Defendants' summary**: Plaintiff's Complaint is filed under Title VII of the Civil Rights Act of 1964, the Rehabilitation Act of 1973, and the Family and Medical Leave Act. It alleges age discrimination, disability discrimination, and retaliation stemming from Plaintiff's employment and termination as a civilian employee of the U.S. Air Force at Kirtland Air Force Base in Albuquerque, New Mexico.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

**Plaintiff's suggestion**:

**Defendants' suggestion**:

Plaintiff intends to file:

Plaintiff should be allowed until July 15, 2026, to move to amend the pleadings and join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendant intends to file: None at this time.

Defendants should be allowed until August 15, 2026, to move to amend the pleadings and to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

**STIPULATIONS**

The parties are willing to further stipulate to the following facts:

None at this time.

The parties further stipulate and agree that the law governing this case is:

None at this time.

**PLAINTIFF'S CONTENTIONS:**

**DEFENDANTS' CONTENTIONS**

Defendants' deny Plaintiff's allegations in accordance with their Answer. Doc. 30. More specifically, Defendants' deny that Plaintiff was discriminated against on the basis of age, disability, and by reprisal for protected EEO activity. Defendants assert that their actions were legitimate business decisions. Moreover, Plaintiff failed to properly exhaust certain claims alleged in the Complaint, which are subject to dismissal.

**PROVISIONAL DISCOVERY PLAN**

The parties jointly propose to the Court the following discovery plan:

**WITNESSES**

**Plaintiff's Witnesses:**

**Defendants' Witnesses:**

1. **Dr. Daniel Ober**
   Chief, Laboratory and Space Based Measurements Section
   c/o Peter Haynes
   Assistant United States Attorney
   201 Third Street NW, Suite 900
   Albuquerque, New Mexico 87102
   (505) 346-7274; Fax (505) 346-7205
   Peter.Haynes@usdoj.gov

Mr. Ober was Plaintiff's first-level supervisor at the Air Force Research Laboratory at Kirtland Air Force Base, New Mexico. He observed Plaintiff's performance deficiencies, completed Plaintiff's performance appraisals, and recommended Plaintiff's termination.

2. **Mark Roverse**
   Contact information TBD

Mr. Roverse was the deciding official in Plaintiff's removal. He is no longer an agency employee.

**EXHIBITS**

**Plaintiff's Exhibits:**

**Defendants' Exhibits:**

1. Agency documents for agency number 8Y1G2200745F23.
2. Agency documents for agency number 8Y1G2400572.
3. Plaintiff's medical records.
4. Plaintiff's employment records.
5. Any and all other documents or records related to the incidents giving rise to Plaintiff's Complaint (and any amendments thereto), including those identified during discovery.
6. Any other exhibits listed by Plaintiff or later identified by Plaintiff during discovery, or that are necessary for rebuttal or impeachment.

**EXPERTS**

**Plaintiff's Experts:**

**Defendants' Experts:**

Defendants have not yet identified any experts. Defendants reserve the right to do so in accordance with the Rules of Civil Procedure and the deadlines set by the Court.

Discovery will be needed on the following subjects:

Plaintiff's claims and Defendants' defenses.

Maximum of 25 interrogatories by each party to any other party. (Responses due 30 days after service).

Maximum of 25 requests for production by each party to any other party. (Responses due 30 days after service).

Maximum of 25 requests for admission by each party to any other party. (Responses due 30 days after service).

Maximum of 4 depositions by Plaintiff and 4 by Defendants.

Each deposition (other than of named parties) limited to maximum of 4 hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

from Plaintiff by September 15, 2026.

from Defendants by October 15, 2026.

Supplementation under Rule 26(e) due one month before the scheduled trial date.

All discovery commenced in time to be complete by December 12, 2026 (180-day track).

Other Items: None.

## PRETRIAL MOTIONS

Plaintiff intends to file:

Defendant intends to file: Motions for judgment on the pleadings; motions for summary judgment; motions in limine.

## ESTIMATED TRIAL TIME

The parties estimate trial will require 4 days.

__X__ This is a non-jury case.

____ This is a jury case.

The parties request a pretrial conference 30 days before trial.

## SETTLEMENT

The possibility of settlement in this case cannot be evaluated prior to discovery and motions practice. The parties will request a settlement conference with the Court.

## EXCEPTIONS

APPROVED WITH/WITHOUT EXCEPTIONS
(note exceptions above)

______________________________________
For Plaintiff

TODD BLANCHE
Acting Attorney General
RYAN ELLISON
First Assistant United States Attorney

*/s/ Peter Haynes*
PETER HAYNES
Assistant United States Attorney
201 Third Street NW, Suite 900
Albuquerque, New Mexico 87102
(505) 346-7274; Fax (505) 346-7205
Peter.Haynes@usdoj.gov

# Proposed Plaintiff Answers for Joint Status Report and Provisional Discovery Plan

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW MEXICO**

**ARTHUR F. MURFIN,**
Plaintiff,

v.

**UNITED STATES OF AMERICA, et al.,**
Defendants.

Case No. **1:25-cv-00664-JFR-JMR**

# PLAINTIFF'S PROPOSED JSR ANSWERS

These are proposed Plaintiff answers for the Joint Status Report and Provisional Discovery Plan. Plaintiff may use these answers when conferring with Defendants or when preparing Plaintiff's proposed portions of the JSR.

### Rule 26(f) Meeting

Pursuant to Federal Rule of Civil Procedure 26(f), the parties conferred on May 27, 2026 by telephone. The conference was attended by:

**For Plaintiff:** Arthur F. Murfin, pro se
**For Defendants:** AUSA Peter Haynes

Plaintiff participated in the Rule 26(f) conference and this Joint Status Report while preserving Plaintiff's position that this federal case should be stayed until after the Merit Systems Protection Board ("MSPB") decides whether Plaintiff's removal was proper.

### Nature of the Case

Plaintiff's Complaint is filed under Title VII of the Civil Rights Act of 1964, the Rehabilitation Act of 1973, and the Family and Medical Leave Act. The Complaint alleges age discrimination, disability discrimination, and retaliation stemming from Plaintiff's employment and termination as a civilian employee of the U.S. Air Force at Kirtland Air Force Base in Albuquerque, New Mexico.

Plaintiff contends that this case arises from Plaintiff's removal from federal employment, age discrimination, discrimination in violation of the Rehabilitation Act of 1973, violations of the

Family and Medical Leave Act, and related administrative proceedings before the MSPB. Plaintiff has requested that this federal action be stayed until after the MSPB decides the administrative removal issues, including whether Plaintiff's removal was proper, whether the removal penalty was too severe, and whether the Agency failed to provide Plaintiff a Performance Improvement Plan before taking the challenged personnel action.

Plaintiff further contends that Defendants have placed administrative exhaustion directly at issue by asserting, as their fifth additional and/or affirmative defense, that Plaintiff's claims are barred to the extent Plaintiff failed to timely exhaust administrative remedies. Plaintiff therefore contends that the fairest and most orderly course is to stay this federal action until the MSPB completes its review.

### Amendments to Pleadings and Joinder of Parties

Plaintiff believes amendment of the pleadings will be necessary. Plaintiff contends that the case should first be stayed pending the MSPB decision. Plaintiff requests that any deadline to amend pleadings or join parties be deferred until after the Court rules on Plaintiff's Motion to Stay.

If the Court does not stay the case, Plaintiff requests a reasonable deadline to amend pleadings and join any additional parties after Plaintiff has received and reviewed Defendants' initial disclosures and relevant discovery.

If the stay is granted, Plaintiff proposes that a new initial scheduling order should be issued ninety (90) days after the Merit Systems Protection Board issues its decision.

Plaintiff proposes that Plaintiff be allowed at least until September 16, 2026 to move to amend pleadings and until September 16, 2026 to join additional parties, unless the Court grants Plaintiff's requested stay.

### Stipulations

None at this time.

### Plaintiff's Contentions

Plaintiff contends that the Agency improperly removed Plaintiff from federal employment, discriminated against him on the basis of age, violated the Family and Medical Leave Act, and retaliated against him by reprisal for protected EEO activity. Plaintiff further contends that the MSPB should decide whether Plaintiff's removal was proper before this federal case proceeds further.

Plaintiff contends that the federal case should be stayed because Defendants have asserted failure to exhaust administrative remedies as an affirmative defense. Plaintiff contends that the MSPB proceedings are directly related to that defense and to the merits of whether Plaintiff's removal was proper.

Plaintiff also contends that discovery in this federal action should not proceed until the Court rules on Plaintiff's Motion to Stay. If the Court denies a stay, Plaintiff expects that substantial

discovery will be necessary concerning the removal decision, the Agency's stated reasons, the administrative record, exhaustion, Agency procedures, communications, and damages.

### Defendants' Contentions

Defendants deny Plaintiff's allegations in accordance with their Answer, Document 30. More specifically, Defendants deny that Plaintiff was discriminated against on the basis of age or disability, or by reprisal for protected EEO activity. Defendants assert that their actions were legitimate business decisions. Moreover, Defendants assert that Plaintiff failed to properly exhaust certain claims alleged in the Complaint, which are subject to dismissal.

### Plaintiff's Witnesses

Plaintiff presently identifies the following potential witnesses, subject to supplementation:

1. **Arthur F. Murfin** — Plaintiff; expected to testify regarding his employment, performance, removal, administrative proceedings, communications with the Agency, damages, and related events.
2. **Agency deciding official, believed to be Mark Roevers** — expected to testify regarding the decision to remove Plaintiff, the penalty imposed, the reasons for the removal, and whether required procedures were followed.
3. **Agency proposing official, believed to be Dan Ober** — expected to testify regarding the proposed removal, factual allegations, supporting documents, and communications concerning the proposed personnel action.
4. **Agency human resources and/or labor relations personnel** — expected to testify regarding personnel procedures, performance procedures, administrative remedies, deadlines, communications, and records.
5. **Other Agency supervisors and managers involved in Plaintiff's employment or removal** — expected to testify regarding Plaintiff's work, alleged performance or conduct issues, communications, and the basis for the Agency's action.
6. **Inspector General Dennis Lange** — expected to testify, if necessary, regarding Inspector General matters, communications, records, or issues related to Plaintiff's employment, removal, administrative proceedings, or claims.
7. **MSPB-related witnesses or custodians of records** — expected to testify, if necessary, regarding the MSPB record, filings, orders, hearing issues, and administrative proceedings.
8. **Any witness identified by Defendants** — Plaintiff reserves the right to depose and call witnesses identified by Defendants.

Plaintiff reserves the right to supplement this witness list after receiving Defendants' disclosures and discovery responses.

## Plaintiff's Documents and Possible Exhibits

Plaintiff presently identifies the following categories of documents that may be exhibits at trial, subject to supplementation:

1. Notice of proposed removal;
2. Final decision or decision letter removing Plaintiff;
3. Agency performance records;
4. Any alleged disciplinary or performance documents relied upon by the Agency;
5. Communications between Plaintiff and Agency personnel;
6. Human resources and labor relations records;
7. MSPB filings, orders, motions, exhibits, and decisions;
8. Defendants' Answer and affirmative defenses in this federal case;
9. Documents concerning administrative exhaustion;
10. Documents concerning any Performance Improvement Plan issue;
11. Emails and correspondence involving Plaintiff, Agency representatives, former counsel, or government counsel;
12. Damages-related documents;
13. Any documents produced by Defendants in discovery;
14. Any documents identified by Defendants as potential exhibits.

Plaintiff reserves the right to supplement this list after Defendants produce discovery and after Plaintiff amends the Complaint.

## Expert Witnesses

Plaintiff has not yet determined whether retained expert testimony will be necessary. Plaintiff reserves the right to identify expert witnesses if expert testimony becomes necessary after the MSPB decision, after discovery, or after review of Defendants' disclosures and defenses.

If the Court denies Plaintiff's requested stay and sets expert deadlines, Plaintiff requests sufficient time to identify any expert witnesses after receiving relevant discovery from Defendants.

## Provisional Discovery Plan

Plaintiff's primary position is that discovery and all case deadlines should be stayed until after the MSPB decides whether Plaintiff's removal was proper.

If the Court denies Plaintiff's Motion to Stay, Plaintiff anticipates that discovery will be needed on the following subjects:

1. The factual basis for Plaintiff's removal;
2. The Agency's stated reasons for removal;

3. The penalty imposed and whether it was too severe;
4. Whether the Agency followed required procedures before removal;
5. Whether the Agency provided or failed to provide a Performance Improvement Plan;
6. The administrative exhaustion issues raised by Defendants;
7. Communications between Plaintiff and the Agency;
8. Communications with the Agency about the Family and Medical Leave Act;
9. Communications with the Agency about age discrimination;
10. Communications with the Agency about reasonable accommodation;
11. Communications with the Inspector General;
12. Communications involving Agency decision-makers, proposing officials, supervisors, human resources, and labor relations personnel;
13. Documents and evidence relied upon by the Agency;
14. Damages and other relief.

### Requests for Production / "Discovery Requests"

Plaintiff anticipates needing to serve at least three rounds of written discovery because of the scope of the removal issues and because of how discovery has already transpired in the MSPB case.

Plaintiff anticipates serving:

1. **Plaintiff's First Requests for Production / Discovery Requests;**
2. **Plaintiff's Second Requests for Production / Discovery Requests; and**
3. **Plaintiff's Third Requests for Production / Discovery Requests.**

Plaintiff anticipates that these requests may seek personnel records, communications, performance documents, documents relied upon for removal, documents concerning administrative exhaustion, documents concerning the MSPB proceedings, and records concerning Agency procedures.

### Interrogatories

Plaintiff requests permission to serve up to **50 interrogatories**, excluding subparts, on Defendants at a time.

Plaintiff requests that responses to interrogatories be due within **30 days** after service.

### Requests for Admission

Plaintiff anticipates needing to serve multiple rounds of requests for admission because Defendants have raised exhaustion and other defenses, and because Plaintiff expects disputed facts about the removal, Agency procedures, MSPB issues, and communications.

Plaintiff anticipates serving:

1. **Plaintiff's First Requests for Admission;**
2. **Plaintiff's Second Requests for Admission; and**
3. **Plaintiff's Third Requests for Admission.**

Plaintiff requests that each side be permitted to serve up to **50 requests for admission** at a time.

### Depositions

Plaintiff anticipates needing depositions of Agency decision-makers, proposing officials, supervisors, human resources or labor relations personnel, and any witnesses identified by Defendants.

Plaintiff proposes that Plaintiff be permitted up to **10 depositions**, with each deposition limited to **7 hours** unless the parties agree or the Court orders otherwise.

Plaintiff reserves the right to request additional depositions if Defendants identify additional witnesses or if discovery shows that additional depositions are necessary.

### Motions to Compel and Discovery Disputes

Plaintiff anticipates that at least one motion to compel may be necessary based on how discovery has already transpired in the MSPB case.

Plaintiff does not make this statement to accuse Defendants in advance, but to advise the Court that Plaintiff reasonably anticipates discovery disputes may arise concerning the completeness of production, administrative records, communications, and documents relevant to the removal and exhaustion issues.

Plaintiff requests that any scheduling order allow adequate time to confer about discovery disputes and, if necessary, file motions to compel.

### Expert Disclosure Deadlines

Plaintiff requests that expert deadlines be deferred until after the Court rules on Plaintiff's Motion to Stay and, if the stay is granted, until after the MSPB issues its decision.

If the Court denies a stay, Plaintiff proposes:

**Plaintiff expert disclosures:** after sufficient discovery has been completed
**Defendants expert disclosures:** after sufficient discovery has been completed
**Rebuttal expert disclosures:** sixty (60) days after Defendants submit their expert disclosures

Plaintiff requests that expert disclosure deadlines be set after sufficient fact discovery has occurred.

### Supplementation

Plaintiff proposes that supplementation under Rule 26(e) be due within a reasonable time after a party learns that its disclosure or response is incomplete or incorrect, and no later than [date] unless otherwise ordered by the Court.

### Discovery Cutoff

Plaintiff's position is that the discovery cutoff should not be set until after the Court rules on Plaintiff's Motion to Stay.

If the Court denies the stay, Plaintiff requests a discovery period sufficient to complete written discovery, depositions, motions to compel, and any necessary follow-up discovery. Plaintiff proposes that all discovery be completed by January 8, 2027.

### Other Discovery Issues

Plaintiff requests that Defendants preserve all documents, communications, emails, electronically stored information, personnel records, human resources records, labor relations records, and administrative records relating to Plaintiff's employment, performance, removal, MSPB proceedings, and administrative exhaustion.

Plaintiff further requests that Defendants produce electronically stored information in a reasonably usable format, including native format where appropriate.

### Pretrial Motions

Plaintiff has filed a motion to stay all dates and proceedings pending the Merit Systems Protection Board decision.

Plaintiff intends to file a notice no later than June 3, 2026 titled **Plaintiff's Notice Regarding Disputed "Unopposed" Characterization of Defendants' Extension Motion and Supplemental Support for Plaintiff's Motion to Stay**.

If the case is not stayed, Plaintiff anticipates that he may need to file:

1. at least one motion to compel;
2. motions concerning discovery disputes;
3. motions concerning the administrative record or exhaustion;
4. motions concerning dispositive issues, if appropriate;
5. motions in limine before trial, if necessary.

Plaintiff requests that any dispositive-motion deadline be set after completion of discovery and after the MSPB issues its decision, if the Court grants the stay.

### Estimated Trial Time

Plaintiff estimates that trial will require **one week**.

Plaintiff's current position is that this should be a jury case. If needed, Plaintiff reserves the right to clarify the jury-trial issue after reviewing the pleadings, claims, and applicable law.

### Settlement

Plaintiff believes settlement cannot be fully evaluated until after the MSPB issues its decision, the parties understand the effect of that decision on the federal case, the federal case resumes, and discovery has been completed.

Plaintiff remains willing to participate in good-faith settlement discussions or a settlement conference at an appropriate time.

Plaintiff believes settlement may be enhanced after the Merit Systems Protection Board decides whether Plaintiff's removal was proper, after the federal case resumes, and after discovery has been completed.

### Exceptions / Disagreements

Defendants have proposed different dates throughout the Joint Status Report than the dates Plaintiff has proposed.

Plaintiff does not agree with any defense contention that Plaintiff failed to timely exhaust administrative remedies. Plaintiff contends that Defendants have raised exhaustion as a defense and that this supports staying the federal case until after the MSPB decides the related administrative issues.

Plaintiff does not agree with any statement suggesting that discovery should proceed before the Court decides Plaintiff's Motion to Stay.

Plaintiff does not agree with Defendants' factual characterizations, legal defenses, or procedural characterizations unless Plaintiff expressly states agreement.

Plaintiff submits these proposed JSR responses while preserving all rights, objections, claims, and arguments, including Plaintiff's request that all federal proceedings be stayed until after the MSPB issues its decision.