**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ARTHUR F. MURFIN,

      Plaintiff,

      v.                                  Civ. No. 25-664 JFR/JMR

UNITED STATES OF AMERICA, *a political entity*,
THE DEPARTMENT OF DEFENSE, *a department*
*of the government of the United States of America*,
PETER B. HEGSETH, *in his official capacity as*
*Secretary of Defense*, THE DEPARTMENT OF THE
AIR FORCE, *a department of the government of the*
*United States of America*, and TROY E. MEINCK,
*in his official capacity as Secretary of the Air Force*,

      Defendants.

## ORDER DENYING PLAINTIFF'S OPPOSED MOTION TO STAY

THIS MATTER is before the Court on Plaintiff's pro se *Opposed Motion to Stay All Dates and Proceedings Pending Decision by the Merit Systems Protection Board* ("*Motion*"), filed May 27, 2026. Doc. 35. Defendants responded on June 5, 2026. Doc. 39. Because Plaintiff is proceeding *pro se* and mails his filings to the Court, Plaintiff had until June 22, 2026, to file his reply, if any. *See* FED. R. CIV. P. 5(b)(2)(C); FED. R. CIV. P. 6(d). Plaintiff did not reply, and thus briefing is presumed complete. D.N.M.LR-Civ. 7.1(b) ("The failure to file and serve a reply in support of a motion within the time prescribed for doing so constitutes consent that briefing on the motion is complete.").

Having reviewed the *Motion* and being fully advised on the premises, the Court finds that the *Motion* is not well taken, and it is therefore **DENIED**.

1

## I.   BRIEF FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Art Murfin filed suit against Defendants on July 14, 2025.[1]  Doc. 1.  As alleged in the Complaint, Plaintiff worked as a federal civilian employee, Doc. 1 ¶ 3, at the United States ("U.S.") Air Force/Space Force Research lab beginning August 6, 2017, *id.* ¶ 40, until his removal on April 22, 2025, *id.* ¶ 59.  *See generally* Doc. 1.  In sum, Plaintiff alleges that Defendants' actions during his employment and the termination therefrom were: (A) discriminatory on the basis of disability, in violation of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 791 *et seq.*, *see* Doc. 1 ¶¶ 70-75 (Count Two); and (B) retaliatory in response to Plaintiff exercising his rights under both Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, *see* Doc. 1 ¶¶ 61-69 (Count One), and the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2611 *et seq.*, *see* Doc. 1 ¶¶ 76-80 (Count Three).  *See* Doc. 1 ¶ 2 (overviewing these allegations).

For remedies, Plaintiff seeks: (1) damages for no less than $1,000,000; (2) reinstatement of Plaintiff's full employment, retroactive to the date of his termination, as if he were never removed; (3) costs and attorney's fees "as allowed by all applicable law"; and (4) "any and all other relief as the Court deems just and proper."  *Id.* at 14-15.

## II.  ANALYSIS

The present *Motion* (Doc. 35) seeks a stay of this case, in its entirety, pending the resolution of Plaintiff's claims before the Merit Systems Protection Board ("MSPB").  Plaintiff argues that "[t]he MSPB proceedings concern core issues that overlap with this federal case," Doc. 35 at 3, and that the *Motion* addresses Defendants' "fifth additional and/or affirmative defense that Plaintiff's claims are barred to the extent Plaintiff failed to timely exhaust

---

[1] From that point through March 23, 2026, Plaintiff was represented by counsel in this matter.  *See* Doc. 26.

administrative remedies," *id.* at 1.  In response, Defendants argue that the *Motion* should be denied to "avoid parallel litigation and potentially inconsistent judgments," Doc. 39 at 1, and because the current MSPB review panel does not have quorum to review administrative appeals in cases such as these because one member of the MSPB review panel has recused himself from all Air Force cases, *see id.* at 1-2.

The Court first addresses Plaintiff's argument about avoiding parallel litigation and preserving judicial resources.  *See* Doc. 35 at 1, 3-4.  The Court concludes that judicial economy is best served by not staying this matter.  The Court may proceed with the claims set forth in the Complaint, and thus it is untenable to require Defendants to argue those issues before the MSPB and then again before this court, especially since (as discussed immediately below) Plaintiff need not exercise MSPB remedies on the claims at issue in this case.

The Court next turns to Plaintiff's argument regarding exhaustion.  To begin, the Court need not determine whether a plaintiff can cure a failure to exhaust administrative remedies after filing suit in federal court because the argument is moot.  Indeed, only two of Plaintiff's three claims require exhaustion.  Specifically, exhaustion is only required here for Plaintiff's claims raised pursuant to Title VII, *see Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Serv.*, 165 F.3d 1321, 1326 (10th Cir. 1999), and the Rehabilitation Act, *see Woodman v. Runyon*, 132 F.3d 1330, 1341 (10th Cir. 1997).  However, there is no administrative exhaustion requirement for Plaintiff's FMLA claim.  *See Ramsey v. Advance Stores Co.*, No. 15-4854, 2015 WL 3948119, at *5 (D. Kan. June 29, 2015) (citing *Medlock v. Fred Finch Children's Home*, No. 14-cv-03000, 2014 WL 4756055 *6 (N.D. Cal. Sept. 24, 2014)).

"The most common method of administrative exhaustion for discrimination claims by federal employees is the individual [Equal Employment Opportunity ("EEO")] complaint

3

process, and this is the method initially chosen by Plaintiff." *Young v. Norton*, No. CIV-05-0427, 2006 WL 8443603, at *2 (D.N.M. Sept. 1, 2006).  Indeed, as alleged in the Complaint, "Plaintiff exhausted his required administrative remedies on May 29th, 2025 when he was issued a Decision by the Equal Employment Opportunity Commission which affirmed his termination by Defendant and included notice of his right to file a civil action within ninety (90) days of the issuance of the Decision."[2]  Doc. 1 ¶ 36.  The Court need not further elaborate on the EEO process and requirements, because the more relevant question is whether Plaintiff must also exhaust available remedies before the MPSB.

The MPSB was established by the Civil Service Reform Act of 1978 ("CSRA"), which as the Tenth Circuit has explained:

> gives the MSPB concurrent jurisdiction with the EEOC when the discrimination is related to or stems from a personnel action appealable to the MSPB, such as removal, suspension for more than 14 days, reduction in grade, reduction in pay, or furlough of 30 days or less.  A mixed case may be initiated either via complaint with the agency's EEO office or via appeal with the MSPB.  If the employee unsuccessfully takes the EEO-route, he or she can file an appeal with the MSPB or sue in federal district court.  If, on the other hand, the employee's initial trip is to the MSPB and unsuccessful, he or she can either appeal to the EEOC or sue in federal district court.

*Wilson v. Harvey*, 156 F. App'x 55, 57 n.1 (10th Cir. 2005) (citations omitted).  Evidently, with respect to the claims before this Court, *see generally* Doc. 1, Plaintiff took the "EEO-route," *see id.* ¶ 36, meaning that Plaintiff was not required to exhaust MSPB remedies before proceeding in federal court.

However, "once a plaintiff chooses to file a mixed case appeal with the MSPB, he must exhaust administrative remedies in that forum prior to filing a civil action in federal district court."  *Harms v. Internal Revenue Serv.*, 321 F.3d 1001, 1009 (10th Cir. 2003).  Meaning,

---

[2] This Order and the analysis herein should not be construed as a determination as to whether Plaintiff sufficiently exhausted his administrative remedies.

Plaintiff had to see through his MSPB claims, which he did.  Indeed, the MSPB dismissed Plaintiff's MSPB case without prejudice, and Plaintiff timely appealed.  *See* Doc. 39-1.  The Department of the Air Force then ordered that "[b]ecause there is no quorum to alter the administrative judge's initial decision, the initial decision now becomes the final decision of the Merit Systems Protection Board in this appeal."  Doc. 39-2 at 1.  Therefore, even assuming Plaintiff's unsupported exhaustion argument was appropriate, it fails.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's *Opposed Motion to Stay All Dates and Proceedings Pending Decision by the Merit Systems Protection Board* (Doc. 35) is **DENIED**.

**IT IS SO ORDERED.**

**JOHN F. ROBBENHAAR**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**

5