**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ARTHUR F. MURFIN,
Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,
Defendants.

Case No. 1:25-cv-00664-JFR-JMR

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
JUL 09 2026
ERIK PALTROW
CLERK

# PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING PLAINTIFF'S OPPOSED MOTION TO STAY ALL DATES AND PROCEEDINGS PENDING DECISION BY THE MERIT SYSTEMS PROTECTION BOARD

## INTRODUCTION

Plaintiff Arthur F. Murfin, proceeding pro se, respectfully moves this Court pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) and the Court's inherent authority to reconsider its Order denying Plaintiff's Opposed Motion to Stay All Dates and Proceedings Pending Decision by the Merit Systems Protection Board (Doc. 35). Reconsideration is warranted because the Court entered its denial on June 24, 2026, before Plaintiff's Reply in Support of his Motion to Stay — filed June 25, 2026 — was received and considered. As a result, the Court decided the motion without the benefit of Plaintiff's responsive arguments, through no fault of Plaintiff. This has materially prejudiced Plaintiff.

In the alternative, and at minimum, Plaintiff respectfully requests that the Court grant a limited stay of proceedings until the Merit Systems Protection Board's Full Board issues its decision on Plaintiff's pending Petition for Review.

## I. THE COURT DENIED THE MOTION TO STAY BEFORE PLAINTIFF'S REPLY WAS RECEIVED, PREJUDICING PLAINTIFF.

The Court denied Plaintiff's Motion to Stay on June 24, 2026. Plaintiff filed his Reply in Support of the Motion to Stay on June 25, 2026 — one day after the denial was entered. Plaintiff learned of the denial only on June 29, 2026, when he contacted Assistant United States Attorney Peter Haynes to inquire whether counsel had received Plaintiff's Reply. It was at that point that Plaintiff was informed for the first time that the motion had already been denied on June 24, 2026.

Plaintiff had not received any notification from the Court of the denial prior to that conversation. Because Plaintiff is proceeding pro se and receives court communications by mail rather than through the CM/ECF electronic filing system, mail delivery time has created a meaningful gap between the Court's actions and Plaintiff's receipt of notice. The Court's scheduling did not account for this delay. As a direct result, the Court ruled on the Motion to Stay without having before it Plaintiff's Reply, which contained material arguments that directly addressed and rebutted the arguments raised in Defendants' Response.

Courts have recognized that pro se litigants are entitled to reasonable accommodation of the practical difficulties of self-representation. Haines v. Kerner established that complaints filed by pro se litigants are held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (pro se pleadings held to less stringent standards). Deciding a fully briefed motion before the moving party's reply has been received — where the movant is a pro se litigant dependent on U.S. mail — undermines the fundamental fairness of the briefing process and constitutes good cause for reconsideration.

## II. PLAINTIFF'S REPLY RAISED MATERIAL ARGUMENTS THE COURT HAS NOT CONSIDERED.

Plaintiff's June 25, 2026 Reply in Support raised the following arguments, none of which have been addressed by the Court:

A. Defendants materially mischaracterized the Lindhorst order. Defendants' Response argued that Member James Woodruff has recused himself from all Department of the Air Force appeals, citing Lindhorst v. Department of the Air Force, Docket No. DE-315H-24-0395-I-1 (MSPB Mar. 12, 2026) (Gov't Ex. 2). The plain text of that order states only: "Member Woodruff has recused himself from consideration of this case." The order gives no reason for the recusal and says nothing about recusal from all Air

Force cases. Defendants' characterization goes well beyond what the order actually says.

B. The Lindhorst order expressly bars its use as precedent. The order concludes: "This decision shall not be considered as precedent by the Board in any other case." 5 C.F.R. § 1200.3(e). Defendants nonetheless submitted it as an exhibit and cited it to predict the outcome of Plaintiff's separate Petition for Review — precisely the precedential use the order prohibits.

C. Denying the stay guarantees the parallel litigation Defendants claim to fear. The Administrative Judge's Dismissal Without Prejudice Order (DWOP), which Defendants submitted as Exhibit 1 (Doc. 39-1), establishes that Plaintiff's MSPB appeal will be automatically refiled on September 7, 2026, regardless of the status of this federal case. This case has not yet begun discovery. It is a virtual certainty that the federal case will not be concluded before the MSPB appeal automatically reopens. Denying the stay does not prevent parallel proceedings — it makes them inevitable. Defendants cannot credibly oppose parallel litigation while opposing the only mechanism that would prevent it.

## III. A NEW DEVELOPMENT FURTHER SUPPORTS THE REQUESTED STAY.

Following the denial of Plaintiff's Motion to Stay — of which Plaintiff was then unaware — Plaintiff filed a Status Update with the MSPB's Denver Field Office in Docket No. DE-0752-25-1151-I-1 and Full Board Appeal No. 2025-A-020745, notifying the Board of the claim being made in this Court — specifically, that Member Woodruff has allegedly recused himself from all Air Force appeals, leaving the Board without a quorum to act on Plaintiff's Petition for Review. Plaintiff brought this to the Board's attention because the claim directly affects the Board's own jurisdiction and integrity.

In response, the MSPB informed Plaintiff that the appropriate vehicle was a motion, not a status update. Plaintiff is therefore preparing a formal motion to the MSPB Full Board on this issue. The Board's administrative process on this motion is now pending.

This development underscores the need for at least a limited stay. The MSPB Full Board has not yet had the opportunity to address the recusal and quorum questions that Defendants have raised in this Court. Until the Board issues its decision on Plaintiff's Petition for Review — and specifically on the pending motion addressing the recusal claim — this Court does not have a complete administrative record before it. Judicial economy and fairness

counsel in favor of allowing that process to run its course before this case proceeds.

## IV. IN THE ALTERNATIVE, PLAINTIFF REQUESTS A LIMITED STAY PENDING THE MSPB FULL BOARD'S DECISION.

Even if the Court declines full reconsideration, Plaintiff respectfully requests that the Court grant a limited stay of all deadlines and proceedings until the MSPB Full Board issues its decision on Plaintiff's pending Petition for Review. Courts have inherent authority to stay proceedings in the interest of judicial economy. A limited stay of this nature would: (1) allow the administrative record to be completed before this Court proceeds; (2) avoid the near-certain parallel proceedings that will result from the September 7, 2026 automatic MSPB refile date; and (3) cause no cognizable prejudice to Defendants, whose claims and defenses remain fully preserved.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court: (1) reconsider its Order denying Plaintiff's Opposed Motion to Stay and consider the arguments set forth in Plaintiff's June 25, 2026 Reply in Support, which the Court did not have the opportunity to review before ruling; and (2) grant the requested stay pending the MSPB Full Board's decision on Plaintiff's Petition for Review, or in the alternative, grant a limited stay until the MSPB Full Board issues its decision on Plaintiff's pending motion regarding the recusal and quorum issues raised by Defendants in this case.

Respectfully submitted,

Arthur F. Murfin

Plaintiff, Pro Se

300 Nickel St., Ste. 11, PMB 1031

Broomfield, CO 80020

Date: June 30, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2026, I filed the foregoing Motion for Reconsideration with the Court and served a copy upon counsel for Defendants by first-class U.S. mail addressed to:

Peter Haynes

Assistant United States Attorney

201 Third Street NW, Suite 900

Albuquerque, New Mexico 87102

Arthur F. Murfin

Plaintiff, Pro Se

---

1. Haines v. Kerner, 404 U.S. 519, 520 (1972) — Pro se standard of review, https://supreme.justia.com/cases/federal/us/404/519/

2. Lindhorst v. Department of the Air Force, Docket No. DE-315H-24-0395-I-1 (MSPB Mar. 12, 2026) — Government Exhibit 2, Doc. 39-2.

3. 5 C.F.R. § 1200.3(e) — MSPB Non-Precedential Orders rule, https://www.ecfr.gov/current/title-5/chapter-II/part-1200/section-1200.3

UNIT
POST
Y®

UNITED STATES POSTAL SERVICE. Retail

P

US POSTAGE PAID
$12.90
Origin: 80401
07/07/26
0737270217-24

PRIORITY MAIL®

0 Lb 4.50 Oz
RDC 03

EXPECTED DELIVERY DAY: 07/09/26

C023

SHIP TO:
STE 270
333 LOMAS BLVD NW
ALBUQUERQUE NM 87102-2274

USPS TRACKING® #
9505 5133 7157 6188 9415 70

- Expected delivery dat
- Domestic shipments i
- USPS Tracking® servi
- Limited international i
- When used internatior

tinations.

*Insurance does not cover cer
Domestic Mail Manual at http:
** See International Mail Manu

RECEIVED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
JUL 09 2026
ERIK PALTROW
CLERK

Pickup.

FLAT RATE
ONE RATE ■ ANY WE

TRACKED ■

PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2

PAPER POUCH
cycle.info

This package is m... ...sumer waste. Please recycle - again.

FROM:
ArT MuRFin
300 Nichel st. ste11
PMB 1031
Broomfield Colorado
80020

TO:
United states District Court
District of New Mexico
office of The Clerk of
the Court
Suite 270
333 Lomas BLvd. N.W.
Albuquerque New Mexico
87102

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; October 2023; All rights reserved.

JUL 0 9 2026

MO