1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUL 0 9 2026

ERIK PALTROW
CLERK

ARTHUR F. MURFIN,
Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,
Defendants.

Case No. 1:25-cv-00664-JFR-JMR

# PLAINTIFF'S REPLY IN SUPPORT OF OPPOSED MOTION TO STAY ALL DATES AND PROCEEDINGS PENDING DECISION BY THE MERIT SYSTEMS PROTECTION BOARD

## INTRODUCTION

Plaintiff Arthur F. Murfin respectfully submits this Reply in support of his Opposed Motion to Stay All Dates and Proceedings Pending Decision by the Merit Systems Protection Board (Doc. 35). Defendants' Response (Doc. 39) rests on two arguments: first, that a stay would create parallel litigation and risk inconsistent judgments; and second, that a stay is futile because Member Woodruff has purportedly recused himself from all Air Force cases, making the denial of Plaintiff's Petition for Review (PFR) a foregone conclusion. Both arguments are factually unsupported and legally flawed, as set forth below.

## ARGUMENT

### I. DEFENDANTS MATERIALLY MISCHARACTERIZE THE LINDHORST ORDER.

Defendants rely heavily on an MSPB order in Lindhorst v. Department of the Air Force, Docket No. DE-315H-24-0395-I-1 (March 12, 2026) (Gov't Ex. 2), as evidence that Member Woodruff has recused himself from all Department of the Air Force appeals system-wide. That characterization is not supported by the plain text of the order.

The entire substantive text of the Lindhorst order states: "Member Woodruff has recused himself from consideration of this case." The order

says nothing more. It does not state the reason for the recusal. It does not state that Member Woodruff has recused himself from all Air Force cases. It does not state that the recusal is categorical, permanent, or applicable to any proceeding other than the Lindhorst matter itself. Defendants' assertion that Woodruff has recused himself from "all Department of the Air Force appeals" (Doc. 39 at 2) is an inference unsupported by the order they cite.

Plaintiff cannot be required to accept Defendants' speculative interpretation of a recusal whose scope and basis are not stated in the underlying order. The Court should not deny a stay based on an assumption that has no textual foundation in the exhibit Defendants themselves submitted.

## II. THE LINDHORST ORDER EXPRESSLY PROHIBITS ITS USE AS PRECEDENT.

The Lindhorst order concludes with the following sentence: "This decision shall not be considered as precedent by the Board in any other case." 5 C.F.R. § 1200.3(e). Defendants nonetheless cite Lindhorst as Exhibit 2 to their Response for the express purpose of predicting the outcome of Plaintiff's PFR — that is, to argue that what happened in Lindhorst will happen in Plaintiff's case. This is precisely the type of precedential use that 5 C.F.R. § 1200.3(e) and the order itself prohibit.

Defendants cannot have it both ways. They may not cite a non-precedential order for the proposition that the same outcome is guaranteed in Plaintiff's separate proceeding. The Court should therefore give no weight to Defendants' futility argument, which depends entirely on this impermissible use of Lindhorst.

## III. THE MSPB PFR REMAINS PENDING AND ITS OUTCOME IS NOT PREDETERMINED.

As of the date of this filing, the MSPB has not issued a final decision on Plaintiff's PFR. Defendants' assertion that the PFR "will" be denied is pure speculation. The quorum question, the scope of any member's recusal, and the ultimate disposition of Plaintiff's PFR are matters that remain within the MSPB's exclusive jurisdiction and have not been resolved. Predicting an adverse outcome in an administrative proceeding that has not yet concluded is not a basis to deny a stay.

Moreover, the MSPB Administrative Judge who dismissed Plaintiff's appeal without prejudice on March 6, 2026, expressly preserved Plaintiff's

right to refile at the conclusion of the federal litigation: "The appellant may refile his petition at the conclusion of his litigation in federal court." Ex. 1 at 5 (cited in Doc. 39 at 3). Far from weighing against a stay, this language confirms that the MSPB itself anticipated sequential — not parallel — resolution of the two proceedings, which is exactly what a stay would accomplish.

## IV. A STAY PREVENTS, RATHER THAN CREATES, INCONSISTENT JUDGMENTS.

Defendants argue that a stay would force duplicative litigation across two forums. Plaintiff respectfully submits the opposite is true. If this Court proceeds to adjudicate Plaintiff's claims — including discrimination, disability, and FMLA violations — before the MSPB exhausts its administrative jurisdiction, the risk of inconsistent findings increases, not decreases. A stay preserves judicial economy, honors the administrative exhaustion framework Congress established, and avoids precisely the inconsistency Defendants claim to be concerned about.

The Court has broad inherent authority to stay proceedings in the interest of justice. Landis v. North American Co., 299 U.S. 248, 254 (1936). The balance of equities here — a pending administrative proceeding that directly overlaps with the claims in this case, no prejudice to Defendants from a brief stay, and significant risk of wasted judicial resources — favors granting the stay.

## V. DENYING THE STAY GUARANTEES THE PARALLEL LITIGATION DEFENDANTS CLAIM TO PREVENT.

Defendants contend that granting a stay would create parallel litigation across two forums. The dismissal without prejudice order (DWOP) issued by Administrative Judge Jacob Smiles on March 6, 2026 — which Defendants themselves submitted as Exhibit 1 (Doc. 39-1) — conclusively refutes that argument.

The DWOP order establishes that Plaintiff's MSPB appeal will be automatically refiled on September 7, 2026, regardless of the status of this federal case, unless Plaintiff voluntarily refiles sooner. Doc. 39-1 at 5. That date is approximately ten weeks away. The federal case has not yet begun discovery. Federal civil cases in the District of New Mexico routinely require two to three years from filing through final judgment. It is a virtual certainty that this case will not be concluded — or even through discovery — before the MSPB appeal automatically reopens on September 7, 2026.

4

The DWOP order's own footnote 4 further confirms this dynamic. The Administrative Judge noted: "To the extent the district court stays its proceedings to accommodate this Board appeal going forward, the appellant can refile his appeal sooner than 6 months... before a final decision by the district court is made, but no sooner than 35 days from the date of this Decision." Doc. 39-1 at 5 n.4. This language demonstrates that the AJ expressly anticipated and accommodated the possibility of a district court stay — and calibrated the refiling window around it. A stay is not merely consistent with the DWOP order; it is the precise mechanism the AJ identified for avoiding parallel proceedings.

The logical consequence of Defendants' position is therefore unavoidable: if the stay is denied, the MSPB appeal automatically refiles on September 7, 2026, while this federal case remains in its earliest stages. Both proceedings will then be active simultaneously, litigating overlapping issues of removal, discrimination, and agency conduct before two separate tribunals — producing precisely the inconsistent judgments Defendants claim to oppose. Defendants cannot credibly argue against parallel litigation while opposing the only mechanism that would prevent it.

CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his Motion to Stay All Dates and Proceedings. Defendants' Response relies on a mischaracterization of the Lindhorst order, impermissibly uses a non-precedential decision as precedent, speculates about the outcome of a still-pending administrative proceeding, and — most critically — opposes the only mechanism that would prevent the parallel litigation they claim to fear. The DWOP order's automatic September 7, 2026 refile date makes clear that denying the stay does not avoid parallel proceedings; it guarantees them. None of Defendants' arguments provide a sound basis to deny the requested stay.

Respectfully submitted,

Arthur F. Murfin

Plaintiff, Pro Se

300 Nickel St. Ste. 11, PMB 1031

Broomfield, CO 80020

CERTIFICATE OF SERVICE

I hereby certify that on the date of filing, I served a copy of the foregoing Plaintiff's Reply upon counsel for Defendants via ~~the CM/ECF~~ electronic filing system and/or ~~by first-class U.S.~~ mail. Email

Arthur F. Murfin

Arthur F. Murfin

Plaintiff, Pro Se

---

1. Lindhorst v. Department of the Air Force, Docket No. DE-315H-24-0395-I-1 (MSPB Mar. 12, 2026) — Government Exhibit 2, Doc. 39-2, https://www.mspb.gov

2. 5 C.F.R. § 1200.3(e) — MSPB Rules of Practice and Procedure (Non-Precedential Orders), https://www.ecfr.gov/current/title-5/chapter-II/part-1200/section-1200.3

3. Landis v. North American Co., 299 U.S. 248, 254 (1936) — Authority for court's inherent power to stay proceedings.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ARTHUR F. MURFIN,

Plaintiff,

v. 25cv664 JFR/JMR

UNITED STATES OF AMERICA, et al.,

Defendants.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OPPOSED MOTION TO STAY**

Defendants, through counsel, file this response to Plaintiff's Opposed Motion to Stay All Dates and Proceedings Pending Decision by the Merit Systems Protection Board, filed May 27, 2026. Doc. 35. As explained below, the Court should deny the motion for two primary reasons. First, to avoid parallel litigation and potentially inconsistent judgments between Plaintiff's Merit Systems Protection Board (MSPB) case and this case. And second, the only remaining filing awaiting adjudication in Plaintiff's MSPB case is his Petition for Review (PFR), but the MSPB will deny the PFR because a particular MSPB board member has recused himself from all Air Force cases, so the Court should not delay the federal case pending the outcome of Plaintiff's administrative appeal that will be denied.

**FACTUAL BACKGROUND**

According to the Initial Decision, following his removal from his position on April 22, 2025, Plaintiff timely filed an appeal with the MSPB. *See* Ex. 1 at 1 (MSPB Initial Decision). On March 6, 2026, the presiding Administrative Judge dismissed the MSPB case without prejudice pending the conclusion of this federal case, noting: "I reach this conclusion because of the substantial overlap between this appeal and the appellant's complaint in federal district court, to ensure efficient use of judicial resources, and to avoid the potential risk of inconsistent judgments."

*Id.* at 4. The Administrative Judge also cited his prior Order for Briefing Regarding Possible Dismissal, which stated: "Although the Federal Court Complaint and this Board appeal are not identical, the two proceedings contain substantial overlap regarding the validity of the appellant's removal and whether the agency discriminated as alleged." *Id.* at 2.

On April 10, 2026, Plaintiff filed a PFR requesting full MSPB review of the Administrative Judge's Initial Decision. The Agency responded to Plaintiff's PFR on May 12, 2026, requesting the MSPB deny Plaintiff's PFR. On May 22, 2026, Plaintiff filed "Appellant's Notice of Related Federal Court Filing and Request that the Board Reverse the Initial Decision Dismissing the Appeal Without Prejudice" before the MSPB, where he attached the Opposed Motion to Stay, Doc. 35, filed in this case. As of this filing, the MSPB has yet to issue a final decision on Plaintiff's PFR. However, because MSPB Member James Woodruff has recused himself from all Department of the Air Force appeals, there is no quorum to alter the Administrative Judge's Initial Decision. *See, e.g.*, Ex. 2 at 1 (Order from *Lindhorst v. Department of the Air Force* issued March 12, 2026, noting the recusal and lack of quorum). Due to the lack of a quorum, the MSPB has ordered that initial decisions become the final decision of the MSPB in recent Department of the Air Force cases. *Id.* ("Because there is no quorum to alter the administrative judge's initial decision, the initial decision now becomes the final decision of the Merit Systems Protection Board in this appeal."). Putting this together, the MSPB will deny Plaintiff's PFR, and the Initial Decision, which dismissed the MSPB case without prejudice pending resolution of the federal case, will become the final decision.

## ARGUMENT

Problematically, Plaintiff's Opposed Motion to Stay seeks to stay this case "until after the Merit Systems Protection Board ('MSPB') decides issues that bear directly on this case, including

whether the penalty imposed against Plaintiff was too severe and whether the Air Force failed to provide Plaintiff a Performance Improvement Plan ('PIP') before taking the challenged personnel action." Doc. 35 at 1. In other words, Plaintiff does not request a stay until the PFR decision is issued, but rather a stay until the MSPB issues a decision on the merits. Staying the instant proceeding to allow Plaintiff to refile his MSPB appeal would force the Agency to litigate Plaintiff's discrimination claims in two separate forums and lead to potential inconsistent judgements. In fact, the MSPB Administrative Judge dismissed the MSPB appeal without prejudice for this exact reason and allowed the Plaintiff to refile in the MSPB at the conclusion of the instant litigation if issues remain for the MSPB to resolve. Ex. 1 at 5 ("The appellant may refile his petition at the conclusion of his litigation in federal court . . .").

Plaintiff attempts to overcome the Administrative Judge's concern about parallel litigation by arguing that a stay in the federal case will allow Plaintiff to obtain another administrative decision to overcome Defendants affirmative defense of failure to exhaust administrative remedies asserted in their Answer. *See* Doc. 35 at 1. The Court should reject Plaintiff's argument because he fails to (1) cite authority stating that administrative decisions issued after a party files a lawsuit in District Court can cure a failure to exhaust administrative remedies, and (2) cite authority addressing whether resolution of a PFR is necessary for proper exhaustion. Said another way, Plaintiff, as the movant, has the burden to justify a stay, but he fails to cite authority that stands for the proposition that the Court can stay a federal case so a plaintiff can obtain further administrative relief to exhaust administrative remedies or that the specific administrative decision he seeks—resolution of a PFR—bears on the administrative exhaustion issue. Absent authority, the Court should not indulge his request.

Respectfully submitted,

TODD BLANCHE
Acting Attorney General
RYAN ELLISON
First Assistant United States Attorney

*/s/ Peter Haynes*
PETER HAYNES
Assistant United States Attorney
201 Third Street NW, Suite 900
Albuquerque, New Mexico 87102
(505) 346-7274; Fax (505) 346-7205
Peter.Haynes@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 5, 2026, I filed the foregoing electronically through the CM/ECF system and mailed the following pro se party this filing by first-class postal mail:

Arthur F. Murfin
[illegible] Nickel St. Ste. [illegible]
[illegible]
[illegible] CO [illegible]

*/s/ Peter Haynes*
PETER HAYNES
Assistant United States Attorney

Fax # 505-348-2028

Clerk of Court

File Motion which is presumed opposed

Case No 1:25-CV-00664-JFR-JMR

# Fax Call Report

**HP Color LaserJet Flow E87740**

**Page 1**

## Fax Header Information

Line 1
Jefferson County Publc Library
3034035339
Jun/30/2026 4:23:09 PM

| Job | Date/Time | Type | Line | Identification | Duration | Pages | Result |
|---|---|---|---|---|---|---|---|
| 266 | Jun/30/2026 4:07:59 PM | Send | Line 1 | 5053482028 | 15:08 | 18 | Success |

Jun/30/2026 4:08:25 PM Jefferson County Publc Library 3034035339 1/18

This was faxed and is Resent by US Mail To be sure iT got filed

Fax # 505-348-2028

Clerk of CourT

File Motion which is presumed opposed

Case No 1:25-CV-00664-JFR-JMR

English (United States)

UNITED STATES POSTAL SERVICE

Retail

P

US POSTAGE PAID

$12.90

Origin: 80401
07/07/26
0737270217-24

PRIORITY MAIL®

0 Lb 4.50 Oz

RDC 03

EXPECTED DELIVERY DAY: 07/09/26

C023

SHIP TO:
STE 270
333 LOMAS BLVD NW
ALBUQUERQUE NM 87102-2274

USPS TRACKING® #

9505 5133 7157 6188 9415 70

RECEIVED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
JUL 09 2026
ERIK PALTROW
CLERK

UNIT… POST…

- Expected delivery dat…
- Domestic shipments i… …tinations.
- USPS Tracking® servi…
- Limited international i…
- When used internatior…

*Insurance does not cover cer…
Domestic Mail Manual at http:…
** See International Mail Manu… …Pickup.

FLAT RATE
ONE RATE ■ ANY WE…

TRACKED ■

PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2

PAPER POUCH …cle.info

FROM:
Art Murfin
300 Nichel st. ste11
PMB 1031
Broomfield Colorado
80020

TO:
United states District Court
District of New Mexico
office of The Clerk of
The Court
Suite 270
333 Lomas BLvd. N.W.
Albuquerque New Mexico
87102

This package is m… …mer waste. Please recycle - again.

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; October 2023; All rights reserved.

JUL 0 9 2026

MD