IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ARTHUR F. MURFIN,

Plaintiff,

v. 25cv664 JFR/JMR

UNITED STATES OF AMERICA, et al.,

Defendants.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

Defendants, through counsel, file this response to Plaintiff's Motion for Reconsideration of Order Denying Plaintiff's Opposed Motion to Stay All Dates and Proceedings Pending Decision by the Merit Systems Protection Board. Doc. 45. The Court should summarily deny the motion because, as far as Defendants can tell, Plaintiff did not seek Defendants' position before filing, which violates D.N.M.LR.-Civ. 7.1(a). Defendants note that the parties communicate by various mediums—postal mail, phone, email—so it is possible Defendants failed to locate Plaintiff's request for concurrence. That said, it is Plaintiff's burden, as the movant, to state that he sought concurrence, which he failed to do.

If the Court considers the merits of the motion, it should still deny the motion because Plaintiff's arguments do not justify a stay. First, Plaintiff argues that the Court improperly denied his motion for stay without considering his reply brief. However, as the Court noted in the order denying motion for stay, Plaintiff's deadline to file a reply brief had passed, so the Court properly presumed briefing was complete, and the motion was ripe for a decision. *See* Doc. 41 at 1. Plaintiff cites no authority suggesting that his pro se status or decision to receive notifications via postal mail justifies an extension of his briefing deadlines.

Plaintiff then asserts that the arguments in his unconsidered reply brief justify a stay. First, he argues that the Lindhorst order from the Merit Systems Protection Board (MSPB) that Defendants attached as an exhibit in their response brief is non-precedential. Defendants agree. The word "precedent" is defined by Black's Law Dictionary as "[a] decided case that furnishes a basis for determining later cases involving similar facts or issues." *Black's Law Dictionary* 1214 (8th ed. 2004). A judge's recusal does not constitute "facts" or "issues" binding later cases. Though here the recusals are not precedential, they are continuing unabated. *See* Ex. 1 at 1 (MSPB order dated June 30, 2026, dismissing an appeal of a Department of the Air Force case and noting the lack of quorum given Member Woodruff's recusal). Plaintiff's argument that the recusal decisions are not precedential does not negate Defendant's argument that the lack of a quorum for Department of the Air Force cases will result in dismissal of his appeal and therefore justifies the Court denying his motion for stay.

Next, Plaintiff argues that granting the stay will create parallel litigation because his MSPB dismissal order states that "if the appellant has not refiled his appeal by September 7, 2026, it will be automatically refiled on September 7, 2026." *See* Doc. 39-1 at 5 (emphasis omitted). Plaintiff mistakenly assumes, however, that an automatic MSPB refiling will result in adjudication. In other words, just because the MSPB case is refiled does not mean the MSPB will ignore their prior justification for dismissal—parallel litigation—and consider his case. In fact, the concern about parallel litigation grows with each passing day because the parties have a scheduling order in the federal case. *See* Doc. 43. Finally, even if the MSPB case is automatically refiled, the Department of the Air Force will move to dismiss or stay it because of the pending federal case and can argue that there is no change in circumstances to justify MSPB adjudication.

Lastly, Plaintiff requests a limited stay until the MSPB adjudicates his Petition for Review. This approach is a poor use of resources. Plaintiff filed the federal lawsuit presumably because he did not receive the outcome he wanted in the administrative process. The Court should require Plaintiff to proceed in one forum at a time. Plaintiff can voluntarily dismiss the federal lawsuit if he chooses.

Respectfully submitted,

TODD BLANCHE
Acting Attorney General
RYAN ELLISON
First Assistant United States Attorney

*/s/ Peter Haynes*
PETER HAYNES
Assistant United States Attorney
201 Third Street NW, Suite 900
Albuquerque, New Mexico 87102
(505) 346-7274; Fax (505) 346-7205
Peter.Haynes@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 23, 2026, I filed the foregoing electronically through the CM/ECF system and mailed the following pro se party this filing by first-class postal mail:

Arthur F. Murfin
300 Nickel St. Ste. 11
PMB 1031
Broomfield, CO 80020