# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
JUL 23 2026
ERIK PALTROW
CLERK
N.D

**Arthur F. Murfin**, Plaintiff,

vs.

**United States of America, et al.**, Defendants.

**Case No. 1:25-cv-00664-JFR-JMR**

## PLAINTIFF'S MOTION TO VACATE CONSENT TO MAGISTRATE JUDGE JURISDICTION AND FOR REASSIGNMENT TO A DISTRICT JUDGE

Plaintiff Arthur F. Murfin, appearing pro se, respectfully moves the Court to vacate the consent-based reference of this case to the presiding United States Magistrate Judge and to reassign this case to a United States District Judge for all dispositive matters, trial, and entry of judgment. At the time of filing, this motion is opposed. Plaintiff conferred with Assistant United States Attorney Peter Haynes regarding whether the motion would be opposed or unopposed, and Mr. Haynes stated that, at this time, the motion is opposed, although he indicated that position could change after review of the final draft and the authorities cited in support. This motion is brought under 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73(b)(3), both of which provide that a district judge may vacate a referral to a magistrate judge for good cause or upon a showing of extraordinary circumstances.[cite:86][cite:96]

Because only a United States District Judge may rule on a motion to vacate consent to magistrate jurisdiction under 28 U.S.C. § 636(c) and Rule 73(b)(3), Plaintiff respectfully requests that this motion be submitted to and decided by a United States District Judge.[cite:86][cite:96][cite:117]

### Grounds for Relief

The basis for this motion is that Plaintiff never knowingly, personally, or voluntarily consented to have a magistrate judge serve as the presiding judge in place of an Article III district judge. The District of New Mexico consent form itself states that the exercise of dispositive jurisdiction by a magistrate judge is permitted only if all parties consent, and it further states that if timely consent is not received the matter will be reassigned to a district judge who will serve as the presiding judge.[cite:91]

Plaintiff did not sign a consent form and did not knowingly authorize former counsel Andrew Morrow to waive Plaintiff's right to proceed before a district judge. Plaintiff was not consulted about whether he wanted a district judge or magistrate judge to preside, whether he wanted a jury trial, or whether he wished to proceed differently in light of the strategic and constitutional significance of consent under 28 U.S.C. § 636(c).[cite:91][cite:94][cite:95]

Plaintiff only later learned that former counsel may have consented to magistrate jurisdiction on Plaintiff's behalf. On July 7, 2026, Plaintiff wrote former counsel and specifically asked whether counsel had consented to have a magistrate judge be the presiding judge, explaining that it appeared such consent would require a deliberate act because the default presiding judge is a district judge.[cite:94][cite:95] Plaintiff's contemporaneous email demonstrates that Plaintiff had not knowingly made that decision himself and was attempting to determine whether former counsel had done so without consultation.[cite:94][cite:95]

## Legal Standard

Under 28 U.S.C. § 636(c), a magistrate judge may conduct all proceedings and enter judgment in a civil case only upon the consent of the parties.[cite:86] Federal Rule of Civil Procedure 73 likewise governs consent to magistrate judge jurisdiction and provides that a district judge may vacate a referral for good cause or extraordinary circumstances.[cite:96] Courts have recognized that only a district judge may decide a motion to withdraw or vacate consent under section 636(c).[cite:108]

Plaintiff acknowledges that courts often treat actions taken by counsel as binding on the client, and Plaintiff does not suggest otherwise lightly. But the authority to consent to full civil jurisdiction by a magistrate judge is a significant litigation decision. Here, the circumstances are extraordinary because Plaintiff contends the decision was made without his knowledge or informed authorization, and he is now proceeding pro se after the attorney-client relationship broke down.[cite:86][cite:96][cite:94][cite:95]

## Extraordinary Circumstances and Good Cause

Good cause and extraordinary circumstances exist for at least four reasons.

First, Plaintiff never personally consented and did not knowingly waive proceeding before a district judge. The local consent form expressly frames the decision as a voluntary choice between consent and refusal, and it states that absent consent the case is reassigned to a district judge.[cite:91][cite:92][cite:93]

Second, Plaintiff's former counsel did not consult Plaintiff about this issue before allegedly consenting. Plaintiff further states that counsel did not adequately confer with Plaintiff regarding other fundamental litigation choices, including whether Plaintiff wished to preserve a jury-trial path and whether Plaintiff wanted a district judge, rather than a magistrate judge, to decide dispositive matters and preside over trial. Plaintiff raises these facts not to seek malpractice relief in this motion, but to explain why the consent process in this case was not knowing and voluntary from Plaintiff's standpoint.[cite:94][cite:95]

Third, Plaintiff is now pro se and has promptly objected after learning of the alleged consent. The record attached to this motion shows Plaintiff immediately sought clarification from former counsel once the issue became apparent.[cite:94][cite:95]

Fourth, reassignment would serve the interests of fairness and confidence in the judicial process. The parties should not continue under consent jurisdiction where Plaintiff disputes that he knowingly authorized that consent in the first place. Section 636(c)(4) and Rule 73(b)(3)

exist precisely to allow a district judge to address unusual situations warranting withdrawal of a referral.[cite:86][cite:96]

### Request for Reassignment

Plaintiff respectfully requests that the Court vacate the consent-based reference to the magistrate judge and reassign this case to a United States District Judge as the presiding judge for all future dispositive proceedings, trial, and entry of judgment. Plaintiff does not challenge the integrity or impartiality of the assigned magistrate judge. Rather, Plaintiff challenges the validity and fairness of the consent process through which this case came to proceed before a magistrate judge rather than a district judge.[cite:86][cite:96]

To the extent the Court concludes that former counsel's act of consenting is ordinarily attributable to the client, Plaintiff respectfully submits that this case nonetheless presents extraordinary circumstances because the consent decision was never discussed with Plaintiff, Plaintiff did not knowingly approve it, the attorney-client relationship has since collapsed, and Plaintiff now appears pro se and timely objects once he discovered what occurred.[cite:94][cite:95][cite:86][cite:96]

### LegalShield and Former Counsel

Plaintiff also states that the surrounding circumstances raise serious concerns regarding the conduct of LegalShield-related referrals and former counsel, Andrew Morrow. The documents described below are attached and incorporated by reference as exhibits in support of this motion. Exhibit A is Plaintiff's July 10, 2026 email to Sharon Hamm regarding the LegalShield referral process. Exhibit B is the actual LegalShield referral letter, identified as Intake Number CO-MEY-X6K and referring Plaintiff to David Baake. Exhibit C is Plaintiff's July 10, 2026 email to David Baake seeking independent representation. Exhibit D is a copy of the District of New Mexico consent/refusal form regarding magistrate judge jurisdiction. Exhibit E is Plaintiff's July 7, 2026 email to former counsel asking whether he consented to magistrate judge jurisdiction without Plaintiff's knowledge and requesting Plaintiff's file in readable PDF form.[cite:88][cite:112][cite:90][cite:91][cite:94]

Plaintiff submits these exhibits not to ask this Court to adjudicate a separate malpractice claim in this motion, but because they support the existence of extraordinary circumstances and good cause for reassignment. Taken together, the exhibits support Plaintiff's position that former counsel did not properly confer with Plaintiff on major litigation choices, that Plaintiff was left uncertain about whether consent to magistrate jurisdiction had been filed without his informed approval, and that the later referral events deepened Plaintiff's concern that prior professional errors were being obscured rather than candidly addressed. Plaintiff respectfully submits that these circumstances bear directly on whether any purported consent to magistrate jurisdiction should continue to control this case now that Plaintiff objects and proceeds pro se.[cite:88][cite:112][cite:90][cite:91][cite:94]

## Exhibits

The following exhibits are submitted in support of this motion:

- **Exhibit A:** SHamm-email-about-fraudulent-referral.pdf.[cite:88]
- **Exhibit B:** Referral-Letter-B5-CO-MEY-X6K.pdf.[cite:112]
- **Exhibit C:** email-to-Baake-about-referral-letter-3.pdf.[cite:90]
- **Exhibit D:** consent-form-for-approval-1-4.pdf.[cite:91]
- **Exhibit E:** email-to-Former-attorney-about-consent-to-Magistrate-7.pdf.[cite:94]

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests that a United States District Judge:

1. Vacate the consent-based reference of this case to the presiding magistrate judge under 28 U.S.C. § 636(c) and Rule 73(b)(3);[cite:86][cite:96]
2. Reassign this case to a United States District Judge as the presiding judge for all future dispositive matters, trial, and entry of judgment; and[cite:91][cite:96]
3. Grant such other and further relief as the Court deems just and proper.

Dated: July 18, 2026

Respectfully submitted,
Arthur F. Murfin

**Arthur F. Murfin**
Plaintiff, pro se
300 Nickel Street, Suite 11, PMB 1031
Broomfield, Colorado 80020
Telephone: 303-217-0266
Email: amcoalcreek@yahoo.com

## Certificate of Service

I certify that on July 18, 2026, I served a true and correct copy of the foregoing Motion to Vacate Consent to Magistrate Judge Jurisdiction and for Reassignment to a District Judge on counsel for Defendants by email.

**Arthur F. Murfin**
Arthur F. Murfin

Fw: LegalShield Referral, #CO-MEY-X6K

From: Art Murfin (amcoalcreek@yahoo.com)

To: shamm@riggsabney.com

Date: Friday, July 10, 2026 at 04:52 PM MDT

Exhibit A

Hi Sharon,

I tried to call David Baake The attorney I was referred to but when I called 480-536-6122 I talked to Casandra told her I had been referred to David Baake
She made an appointment for me Friday July 17th at 11:30 AM. When I got the email confirming the meeting it says I am to meet with Attorney: Andrew Meier of Counxel The same firm that Andrew Morrow the originial referral attorney who I had to fire.

You need to have a talk with your referral department and see what is going on there.

With Respect,
Art Murfin

----- Forwarded Message -----
**From:** CO Docs <codocs@riggsabney.com>
**To:** amcoalcreek@yahoo.com <amcoalcreek@yahoo.com>
**Sent:** Tuesday, July 7, 2026 at 02:32:59 PM MDT
**Subject:** LegalShield Referral, #CO-MEY-X6K

Dear Valued LegalShield Member,

Thank you for contacting the law firm of **Riggs, Abney, Neal, Turpen, Orbison & Lewis, P.C., your LegalShield Provider Firm.** Please find attached your referral information for the above referenced intake. We look forward to assisting you with all of your legal matters.

Thank you,

**Riggs Abney Neal Turpen Orbison & Lewis, P.C.**
The *Colorado* LegalShield Provider Law Firm
303-295-2942

**CO Docs**
Colorado LegalShield Division

RIGGS ABNEY
NEAL TURPEN ORBISON LEWIS

t: 303-295-2942 | f: 1-888-399-1873
e: codocs@riggsabney.com | w: riggsabney.com
a: 6455 S Yosemite St Suite 140, Greenwood Village, Colorado 80111

This message is sent by Riggs Abney, a law firm, and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message along with any attachments.

Exhibit A page 2

Referral Letter B5 -CO-MEY-X6K.pdf
82.6 kB

July 7, 2026

Exhibit B

Arthur F. Murfin
300 NICKEL ST STE 11 BROOMFIELD, CO 80020-2097 USA
Email: amcoalcreek@yahoo.com

Intake Number: CO-MEY-X6K
Member's Phone: (303) 217-0266

Dear Arthur F. Murfin:

Thank you for contacting your LegalShield provider law firm, Riggs Abney Neal Turpen Orbison & Lewis, P.C. This letter confirms that the matter for which you contacted our office has been referred to the LegalShield attorney mentioned below for *possible* representation. Please contact this attorney to discuss your legal matter and the requirements for representation. **Please note the referral attorney *may* require you to pay a consultation fee. In that event, you are responsible for payment of the fee.**

Referral Attorney: **David Baake**
Attorney's Address: 2131 North Main Street Las Cruces, NM 88001
Attorney's Phone: 480-536-6122

Under your LegalShield Plan, you are entitled to a 25% discount off of the attorney's standard hourly rate, should the attorney agree to accept your case. This discount does not apply to contingency fee matters or flat fee arrangements, which may be negotiated at a separate rate with the attorney. Further, you will be responsible for any fines, court costs, and/or any other out-of-pocket expenses.

Until you have reached an agreement with an attorney specific to this matter, neither our attorneys, nor Riggs Abney Law Firm represents you in this matter.

Know that until you have signed a fee agreement, you have not retained an attorney. This means that until such required action is completed, you are solely responsible for any court appearances, responses, Statute of Limitations, and notice requirements. Therefore, we urge you to contact the above-listed attorney immediately, if you have not already done so. If your referral attorney is unable to assist you, please contact us for an alternate referral. As always, thank you for your valued membership with LegalShield.

Sincerely,

***Riggs Abney Neal Turpen Orbison & Lewis, P.C.***

CO Referrals

Cc: **David Baake**

Legal Shield Referral

From: Art Murfin (amcoalcreek@yahoo.com)

To: david@baakelaw.com

Date: Friday, July 10, 2026 at 05:51 PM MDT

ExhibiT C

Hello Mr. Baake,

I was referred to you by legal Shield, however they seem to have given me another firm's phone number by mistake. I have a wrongful termination case in process in the Federal District Court in New Mexico. I would like to have you evaluate
my case for possible representation. Please let me know how to arrange a consultation. My problems with Air Force ethics go back a long way. I attached the documents from the very beginning. I realize they probably are only useful in my case as pattern of reprisal documentation. But to the people who will be trying someday to prove the Air Force knew of the hazards in working with BE They will be very useful if they are persevered.

With Respect,
Art Murfin

Referral Letter B5 -CO-MEY-X6K (1).pdf
82.6 kB

BE Safety Concern Buhl.pdf
51 kB

BE Documents sent to Buhl.pdf
3.9 MB

Exhibit D

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

Plaintiff(s),

-vs- Civil No. ____________________

Defendant(s).

**CONSENT TO PROCEED / REFUSAL TO CONSENT TO PROCEED**
**BEFORE A UNITED STATES MAGISTRATE JUDGE**

In accordance with 28 U.S.C. § 636(c) and Rule 73(b) of the Federal Rules of Civil Procedure, the above-entitled action has been assigned to United States Magistrate Judge:

____________________________________

to conduct dispositive proceedings in this case, including motions and trial, entry of final judgment, and all post-judgment proceedings. Exercise of this jurisdiction by a U.S. Magistrate Judge is permitted only if all parties consent. **Indicate below if you consent to the assignment or if you refuse to consent:**

☐ **Consent** ☐ **Refuse**

| | |
|---|---|
| Party(s) | Party(s) |
| Signature Date | Signature Date |

**If you are a *pro se* litigant, return this form to the Clerk's Office no later than 21 days after entry of the Order setting the Rule 16 Initial Scheduling Conference.** If you are an attorney/e-filer, please visit our Web site at www.nmd.uscourts.gov for e-filing instructions. If consent by each party is not timely received, the matter will be reassigned to a district judge who will serve as the presiding judge.

Consent form and file

Exhibit E

From: Art Murfin (amcoalcreek@yahoo.com)

To: amorrow@counxel.com

Cc: ameier@counxel.com; sking@counxel.com; slamb@counxel.com

Date: Tuesday, July 7, 2026 at 09:24 AM MDT

Andrew,

I never received my file and need it Stacy did send me something which I was not able to open. At the last conference I informed the
Judge that I did not have my file in a readable format. The Judge told me to request that you send me my file as a PDF.
Please send me my file as a PDF.

Also I am being told that you consented to have a Magistrate Judge handle my case instead of a District Court Judge.
It appears that the default is to a District Court Judge as the presiding Judge so it would take a deliberate action by someone
to consent to having a magistrate judge hear the case. Did you consent to have a Magistrate Judge br the presiding Judge?

With Respect,
Art Murfin

consent form for approval (1).pdf
98.6 kB

# Arthur F. Murfin

300 Nickel Street, Suite 11, PMB 1031
Broomfield, Colorado 80020
Telephone: 303-217-0266
Email: amcoalcreek@yahoo.com


July 18, 2026

Clerk of the Court
United States District Court
District of New Mexico
333 Lomas Blvd. NW, Suite 270
Albuquerque, New Mexico 87102

Re: **Murfin v. United States of America, et al.**, Case No. 1:25-cv-00664-JFR-JMR
Enclosures: Motion to Vacate Consent to Magistrate Judge Jurisdiction and Reassignment to a District Judge, and Exhibits

Dear Clerk of Court:

Please file the enclosed Motion to Vacate Consent to Magistrate Judge Jurisdiction and Reassignment to a District Judge, together with the attached exhibits, in the above-captioned case. [cite:50][cite:134]

Plaintiff respectfully notes that the enclosed motion seeks relief under 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73(b)(3), which provide that a district judge may vacate a consent-based referral to a magistrate judge for good cause or extraordinary circumstances. [cite:86][cite:130]

Plaintiff further respectfully requests that the motion be routed to and decided by a United States District Judge, because the relief sought is vacatur of consent to magistrate judge jurisdiction and reassignment to a district judge. Appellate authority has recognized that only a district judge may rule on a motion to withdraw or vacate consent to magistrate judge jurisdiction under section 636(c). [cite:108][cite:130]

This letter is submitted only to assist with routing and filing. Plaintiff understands that the Court will determine assignment and disposition under its own procedures. [cite:132][cite:134]

Thank you for your attention to this filing.

Respectfully submitted,
Arthur F Murfin
Plaintiff Pro Se

UNITED STATES POSTAL SERVICE®

PRIORITY

FLAT RATE E[NVELOPE]
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

TRACKED ■ I[NSURED]

PS00001000014

EP14F November 2025
OD: 12 1/2 x 9 1/2

UNITED STATES POSTAL SERVICE® | PRIORITY® MAIL

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM:
Art Muefin
300 Nickel St. Ste 11 PMB 1031
Broomfield CO
80020

TO:
Clerk of US District Court
US District Court of NM
333 Lomas Blvd NW Ste 270
Albuquerque New Mexico
87102

Label 228, December 2023 FOR DOMESTIC AND INTERNATIONAL USE

P

US POSTAGE IMI 875960718194838 2000393427
$12.90
SSK
PM
07/18/26 Mailed from 80021 028W2312043

PRIORITY MAIL®

ART MUFIN
300 NICKLE STE 11
BROOMFIELD CO 80020

3.10 oz
RDC 03

EXPECTED DELIVERY DAY: 07/22/26

SHIP TO:
CLERK OF US DISTRICT COURT
US DISTRICT COURT OT NEW MEXICO
333 LOMAS BLVD NW SUITE 270
ALBUQUERQUE NM 87102

USPS TRACKING® NUMBER

950[illegible] 1264 20

REC[EIVED]
UNITED STATES DISTRICT C[OURT]
ALBUQUERQUE NEW MEXICO
JUL 23 2026
ERIK PA[illegible]

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

For Domestic shipments, the maximum weight is 70 lbs. For international shipments, the maximum weight is 20 lbs.