IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ARTHUR F. MURFIN,

Plaintiff,

v. 25cv664 JFR/JMR

UNITED STATES OF AMERICA, et al.,

Defendants.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO VACATE CONSENT**

Defendants, through counsel, file this response in opposition to Plaintiff's Motion to Vacate Consent to Magistrate Judge Jurisdiction and for Reassignment to a District Judge, filed July 23, 2026. Doc. 49. As explained below, the Court should issue a proposed findings and recommended disposition denying the motion because Plaintiff fails to establish extraordinary circumstances or good cause under Federal Rule of Civil Procedure 73(b)(3).

## I. RELEVANT FACTS

On July 14, 2025, Plaintiff, through counsel, filed his Complaint. Doc. 1. On September 12, 2025, both parties consented to have U.S. Magistrate Judge John F. Robbenhaar conduct dispositive proceedings. Docs. 14, 15, 16. On March 23, 2026, Judge Rozzoni granted Plaintiff counsel Andrew Morrow's motion to withdraw. Doc. 26. On May 27, 2026, Plaintiff, proceeding pro se, filed an opposed motion to stay. Doc. 35. On June 24, 2026, Judge Robbenhaar denied the motion to stay. Doc. 41. On July 9, 2026, Plaintiff filed a motion to reconsider, which is still pending. Doc. 45. On July 23, 2026, Plaintiff filed the opposed motion to vacate consent. Doc. 49. As of this filing, Plaintiff is still pro se.

## II. RELEVANT LAW

A district judge may vacate consent to a magistrate judge "[o]n its own for good cause—or when a party shows extraordinary circumstances." *See* Fed. R. Civ. P. 73(b)(3); 28 U.S.C. § 636(c)(4); 12 Charles Alan Wright, Arthur Miller & Richard L. Marcus, *Federal Practice and Procedure* § 3071.3 (West 2008) ("Even when the parties consent to the exercise of case-dispositive jurisdiction by a magistrate judge, however, the district judge retains 'residual authority,' under the statute and under Rule 73(b), to vacate the reference of the proceedings.").

**III. ARGUMENT**

Plaintiff argues that good cause and extraordinary circumstances exist because he was not informed by his counsel about the decision to consent and, upon learning of the consent, promptly objected. *See* Doc. 49 at 2. Plaintiff, however, fails to cite a case in support of his position, and the facts reveal that he filed his motion to vacate after an adverse ruling on his motion to stay.

Numerous courts have denied similar motions where a newly pro se plaintiff seeks to vacate his prior counsel's consent to a magistrate judge. *See, e.g., Smith v. Chambers-Smith*, No. 1:24-CV-505, 2025 WL 2644242, at *2 (N.D. Ohio Sept. 15, 2025), report and recommendation adopted, No. 1:24-CV-505, 2025 WL 3120322 (N.D. Ohio Nov. 7, 2025); *Howlett v. Sch. Bd. of City of Norfolk*, No. 200cv168, 2001 WL 34047321, at *3 (E.D. Va. Apr. 9, 2001) ("Several courts have addressed a party's claim that it did not consent to proceed before a magistrate judge, but that counsel unilaterally consented. These courts have overwhelmingly held that an attorney may consent on behalf of a party to proceed before a magistrate judge, and that the consent is binding on the party.").

Moreover, the sequence of court filings in this case reveals that Plaintiff sought to withdraw consent only after he received the adverse ruling to his motion to stay. More specifically, during the first three months after firing his attorney, i.e., from March 2026 to June 2026, Plaintiff did not

move to vacate consent. But then, after Judge Robbenhaar denied the motion to stay in June 2026, Plaintiff filed the motion to vacate the following month in July 2026. Plaintiff's apparent concern about consent would be corroborated—slightly—if he filed the motion to vacate consent in March 2026. That said, even if Plaintiff had moved to vacate consent at the first opportunity, his disagreement with Judge Robbenhaar's ruling does not constitute good cause or extraordinary circumstances. *See Ball v. Colvin*, No. CV-12-01574-PHX-SMM, 2014 WL 2569059, at *2 (D. Ariz. June 9, 2014) (collecting cases).

Relatedly, the facts do not establish good cause for the Court to vacate the consent. Permitting parties to withdraw consent will incentivize litigants to consent to a magistrate judge and then, if they disagree with a ruling, seek to vacate the consent to obtain a newly assigned district judge and a second bite at the apple via a motion to reconsider. *See Abdulla v. Campbell*, No. 19-CV-1393-GCS, 2021 WL 4169579, at *1 (S.D. Ill. Sept. 14, 2021) ("Both the Court and parties to litigation have a vested interest in consents being honored, particularly where the attempt to revoke consent takes place after action has been taken.").

There does not appear to be a Tenth Circuit case discussing how the Court should address Plaintiff's motion procedurally. Defendants suggest the Court file a proposed findings and recommended disposition. *See, e.g., Smith*, 2025 WL 2644242, at *3 (magistrate judge presiding by consent issued report and recommendations on the motion to vacate consent). Ultimately, a district judge must rule on the motion. First, the plain language of Rule 73(a)(3) explicitly states that a "district judge" may vacate the consent. Second, the weight of circuit court authority holds that only a district judge has the requisite authority. The Sixth Circuit appears to have contradictory rulings in two unpublished decisions. *Compare Moses v. Sterling Com. (Am.), Inc.*, 122 F. App'x 177, 181 (6th Cir. 2005) w*ith Milhous v. Metro. Gov't of Nashville & Davidson Cnty.*, 221 F.3d

1335, 2000 WL 876396, at *1 (6th Cir. 2000). The Ninth Circuit has held that only a district judge can vacate consent. *See Branch v. Umphenour*, 936 F.3d 994, 1002 (9th Cir. 2019).

Finally, Defendants have two observations about the motion to vacate and accompanying exhibits. First, artificial intelligence ("AI") may have generated the motion. A google search reveals that the inline citation format used in the motion—"[cite:86]"—is an AI generative format. However, this does not appear to be a cause for concern because the motion does not contain fabricated case citations—the usual hazard with AI. Instead, the motion contains zero case citations. Second, Plaintiff's exhibits do not appear to contribute much to his argument. At bottom, the exhibits purportedly support Plaintiff's assertion that he did not, explicitly, consent to Judge Robbenhaar.

## IV. CONCLUSION

Because Plaintiff fails to establish extraordinary circumstances and good cause does not exist to vacate consent, the Court should deny his motion.

Respectfully submitted,

TODD BLANCHE
Acting Attorney General
RYAN ELLISON
First Assistant United States Attorney

<u>*/s/ Peter Haynes*</u>
PETER HAYNES
Assistant United States Attorney
201 Third Street NW, Suite 900
Albuquerque, New Mexico 87102
(505) 346-7274; Fax (505) 346-7205
Peter.Haynes@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 1, 2026, I filed the foregoing electronically through CM/ECF and the next business day mailed it to the following pro se party by first-class mail:

Arthur Murfin
300 Nickel St., Ste. 11, Pmb 1031
Broomfield, CO 80020

*/s/ Peter Haynes*
PETER HAYNES
Assistant United States Attorney