FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

SEP 02 2026

ERIK PALTROW
CLERK

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**ARTHUR F. MURFIN, an individual,**
Plaintiff,

v.

**UNITED STATES OF AMERICA, a political entity, THE DEPARTMENT OF DEFENSE, a department of the government of the United States of America, PETER B. HEGSETH, in his official capacity as Secretary of Defense, THE UNITED STATES DEPARTMENT OF THE AIR FORCE, a department of the government of the United States of America, and TROY E. MEINCK, in his official capacity as Secretary of the Air Force,**
Defendants.

Case No. 1:25-cv-00664-JFR-JMR

## PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Plaintiff Arthur F. Murfin, appearing **Pro Se**, respectfully moves for leave to file the attached proposed First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2), and states:

1. Plaintiff filed the original Complaint in this action on July 14, 2025.
2. The Court granted prior counsel Andrew N. Morrow leave to withdraw, and Plaintiff is now proceeding Pro Se.
3. The Court entered a scheduling order setting September 1, 2026 as the deadline to move to amend pleadings.
4. Plaintiff seeks leave to file the attached proposed First Amended Complaint in order to preserve the original allegations while adding factual allegations supported by records now available to Plaintiff, including additional facts concerning light-duty restrictions, FMLA certifications and denial, EEO activity, access restrictions, investigation-related events, and the full scope of make-whole relief.
5. Plaintiff does not seek amendment for purposes of delay. Plaintiff seeks amendment in good faith so that the operative pleading more completely states the factual basis for the claims already asserted.
6. Plaintiff has conferred only to the extent presently possible. Defense counsel has not consented to this amendment. Accordingly, this Motion is not presented as unopposed.
7. The proposed amendment will not unfairly prejudice Defendants because the amendment concerns the same employment relationship, many of the same events, and the same general course of alleged discrimination, retaliation, denial of protected leave, discipline, and removal that are already at issue in this action.

8. Justice requires that leave to amend be freely given.

WHEREFORE, Plaintiff respectfully requests that the Court grant leave to file the attached proposed First Amended Complaint and for such other and further relief as the Court deems just and proper.

Respectfully submitted this 8-31-2026,

/s/ Arthur F. Murfin
**Arthur F. Murfin**
300 Nickel St. STE 11 PMB 1031
Broomfield, Colorado 80020
303-217-0266
amcoalcreek@yahoo.com
Plaintiff, Pro Se

**CERTIFICATE OF SERVICE**

I certify that on 8-31-2026, I served a true and correct copy of the foregoing Plaintiff's Motion for Leave to File First Amended Complaint, together with the attached proposed First Amended Complaint, by U.S. Mail / overnight delivery upon:

Peter Haynes
201 Third Street NW, Suite 900
Albuquerque, New Mexico 87102

/s/ Arthur F. Murfin
Arthur F. Murfin

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**ARTHUR F. MURFIN, an individual,**
Plaintiff,

v.

**UNITED STATES OF AMERICA, a political entity, THE DEPARTMENT OF DEFENSE, a department of the government of the United States of America, PETER B. HEGSETH, in his official capacity as Secretary of Defense, THE UNITED STATES DEPARTMENT OF THE AIR FORCE, a department of the government of the United States of America, and TROY E. MEINCK, in his official capacity as Secretary of the Air Force,**
Defendants.

Case No. 1:25-cv-00664-JFR-JMR

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW the Plaintiff, ART MURFIN, Pro Se, hereafter referred to as MURFIN, and hereby files this First Amended Complaint against the Defendant, UNITED STATES OF AMERICA, hereafter referred to as U.S.A. or Defendant, the Department of Defense, Peter E. Hegseth in his official capacity, The United States Department of the Air Force and Troy E. Meinck in his official capacity as secretary of the Air Force, for violations of Title VII of the Civil Rights Act of 1964, Title VII, 42 U.S.C. 2000e et seq., Section 501 of the Rehabilitation Act of 1973, Rehabilitation Act, 29 U.S.C. 791 et seq. and violations of the Family and Medical Leave Act, FMLA, 29 U.S.C. 2611 et seq. In support of this Complaint, Plaintiff hereby states, avers and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action brought by ART MURFIN against the UNITES STATES OF AMERICA, for violations of Title VII of the Civil Rights Act of 1964 Title VII, 42 U.S.C. 2000e et seq., Section 501 of the Rehabilitation Act of 1973 Rehabilitation Act, 29 U.S.C. 791 et seq. and violations of the Family and Medical Leave Act FMLA, 29 U.S.C. 2611 et seq. for actions in connection with Plaintiffs employment and termination therefrom.
2. Defendants actions, during the Plaintiffs employment and termination therefrom impermissibly discriminated against Plaintiff on the basis and grounds of his age and in retaliation for his exercise of his rights under Title VII and in retaliation for his exercise of his rights under the FMLA.
3. Plaintiff originally exercised his rights under Title VII by complaining of Plaintiffs acts in employment while Plaintiff was employed as a federal civilian employee for the Air Force.
4. Plaintiff then suffered retaliation from the Defendant for that complaining which culminated in Plaintiffs termination, presumptively in discrimination against Plaintiffs age and in retaliation for Plaintiffs exercising of his rights under Title VII.
5. Additionally, Plaintiff exercised his rights under the FMLA at the same time of these events and Defendants actions in terminating Plaintiff were in such temporal proximity to Plaintiffs exercise of his rights under the FMLA that the termination was presumptively in retaliation for Plaintiffs exercise of his rights under the FMLA.

## JURISDICTION AND VENUE

6. Plaintiff hereby references and reincorporates each preceding line as if fully set forth hereat.
7. This Court has jurisdiction over the subject matter of this action pursuant to Section 2000e5 of Title VII, Section 794a of the Rehabilitation Act and Section 2617 of the FMLA.
8. Venue is proper in this District and Court as the Plaintiff was employed at Kirtland Air Force Base during the time of the events complained of in this Complaint.
9. This Court has jurisdiction over the Parties as this matter arises out of federal statutes and federal questions.
10. Upon information and belief, if discovery reveals that one or more entities, individuals or parties which is not yet a Party to this action is the true perpetrator of the acts and

omissions which give rise to this Complaint then the acts and omissions of that non-Party are imputable and attributable to the named Defendant.

## NOTICE

11. Plaintiff hereby references and reincorporates each preceding line as if fully set forth hereat.
12. Notice of the commencement of this action is given to the Defendant by service of process upon the Defendants address of record.

## AUTHORITY

13. Plaintiff hereby references and reincorporates each preceding line as if fully set forth hereat.
14. Authority to bring this action is vested in private individuals such as the Plaintiff by Section 2000e5 of Title VII, Section 794a of the Rehabilitation Act and Section 2617 of the FMLA.

## THE DEFENDANTS

15. Plaintiff hereby references and reincorporates each preceding line as if fully set forth hereat.
16. A Defendant in this action is the UNITED STATES OF AMERICA as the entity Plaintiff was employed by was the United States Air Force and all individuals that Plaintiff worked under and had control over Plaintiffs employment and termination were employees in or officers of the United States Air Force.
17. A Defendant in this action is THE DEPARTMENT OF DEFENSE as the entity Plaintiff was employed by was the United States Air Force, which is under the Department of Defense, and all individuals that Plaintiff worked under and had control over Plaintiffs employment and termination were employees in or officers of the United States Air Force.
18. A Defendant in this action is PETER B. HEGSETH as the entity Plaintiff was employed by was the United States Air Force, which is under the Department of Defense, and all individuals that Plaintiff worked under and had control over Plaintiffs employment and termination were employees in or officers of the United States Air Force, and it is required to name as a Defendant in any such action the official Department and Department Head that the Plaintiff worked under.
19. A Defendant in this action is THE DEPARTMENT OF THE AIR FORCE as the entity Plaintiff was employed by was the United States Air Force, and all individuals that Plaintiff worked under and had control over Plaintiffs employment and termination were employees in or officers of the United States Air Force.
20. A Defendant in this action is TROY E. MEINCK as the entity Plaintiff was employed by was the United States Air Force, and all individuals that Plaintiff worked under and had control over Plaintiffs employment and termination were employees in or officers of the United States Air Force, and it is required to name as a Defendant in any such action the official Department and Department Head that the Plaintiff worked under.

21. All of the Defendants are or are part of the government as the US Air ForceSpace Force Research Lab which Plaintiff was employed at falls under the Department of the Air Force, and the Department of Defense and the proper defendants in any such action are all of the entities herein named.

## STATUTORY AND REGULATORY BACKGROUND

22. Plaintiff hereby references and reincorporates each preceding line as if fully set forth hereat.
23. Title VII of the Civil Rights Act was enacted to prohibit discrimination and retaliation in the workplace based upon a variety of employee characteristics and to provide remedies for parties aggrieved by discrimination and retaliation.
24. The Rehabilitation Act of 1973 was enacted to prohibit discrimination and retaliation in the workplace based upon an employees disability and to provide remedies for parties aggrieved by discrimination and retaliation.
25. The Family and Medical Leave Act was enacted to provide covered individuals with protections for absences based upon familial and medical events and to provide remedies for parties aggrieved by discrimination and retaliation based upon exercise of rights thereunder.
26. Under Title VII, the term person includes one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under Title 11, or receivers.
27. Under Title VII, the term employee means an individual employed by an employer, except that the term employee shall not include any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or any person chosen by such officer to be on such officers personal staff, or an appointee on the policy making level or an immediate adviser with respect to the exercise of the constitutional or legal powers of the office. The exemption set forth in the preceding sentence shall not include employees subject to the civil service laws of a State government, governmental agency or political subdivision. With respect to employment in a foreign country, such term includes an individual who is a citizen of the United States.
28. Under Title VII, it shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.
29. Under the Rehabilitation Act, the standards used to determine whether this section has been violated in a complaint alleging non-affirmative action employment discrimination

under this section shall be the standards applied under the Americans with Disabilities Act of 1990, as such sections relate to employment.

30. Under the Americans with Disabilities Act of 1990, no covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

31. Under the FMLA, the term eligible employee means an employee who has been employed i for at least 12 months by the employer with respect to whom leave is requested and, ii for at least 1,250 hours of service with such employer during the previous 12-month period.

32. Under the FMLA, it shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

33. Section 2000e5 of Title VII authorizes aggrieved private individuals to bring a suit under Title VII of the Civil Rights Act after exhausting administrative remedies.

34. Section 794a of the Rehabilitation Act authorizes aggrieved private individuals to bring a suit under the Rehabilitation Act after exhausting administrative remedies.

35. Section 2617 of the FMLA authorizes aggrieved private individuals to bring a suit under the Family and Medical Leave Act without a need to exhaust any administrative remedies prior to suit.

36. Plaintiff exhausted his required administrative remedies on May 29th, 2025 when he was issued a Decision by the Equal Employment Opportunity Commission which affirmed his termination by Defendant and included notice of his right to file a civil action within ninety 90 days of the issuance of the Decision.

37. In a civil action brought by an aggrieved person under all of the preceding Acts, the aggrieved person may recover damages for wrongful termination as well as a compelled reinstatement to his former position with compensation. The Court may also grant, as it deems appropriate, any permanent or temporary injunction, temporary restraining order or any other order it deems appropriate to accomplish the aims of the specified Acts.

38. The prevailing party in a civil action brought under the Acts may be awarded their reasonable attorneys fees and costs.

## GENERAL ALLEGATIONS

39. Plaintiff hereby references and reincorporates each preceding line as if fully set forth hereat.

40. Plaintiff has worked at the US Air ForceSpace Force Research lab which falls under the Department of the Air Force since August 6, 2017.

41. Plaintiff has had a long standing of having an acceptable performance appraisal up until Plaintiff needed work accommodations.

42. Plaintiff went to the doctor and was found to have sleep apnea undiagnosed since September 9, 2011, which meant he would need more time to sleep.

43. Plaintiff filed a Certification of Health Care Provider for Employees Serious Health Condition under the Family and Medical Leave Act documenting the sleep apnea, needing more hours of sleep, having at least two check in appointments throughout the year, requesting the afternoon shift, and waring that Plaintiff may have episodes throughout the workday causing him to be absent for 2 to 8 hours.

44. The Certification was signed by Plaintiffs medial provider, dated July 28, 2021.

45. On January 18, 2022, Plaintiffs physician sent a letter to the Department of the Air Force to provide notice and proof of his need for light duty after his hernia surgery that was discovered during the January visit.

45A. Plaintiff alleges on information and belief that the January 18, 2022 light-duty letter documented that Plaintiff needed work restrictions including no lifting over ten pounds, and that Defendants were thereby placed on actual notice of work restrictions and the need to address accommodation and leave issues in good faith.

46. Plaintiffs hernia surgery was scheduled for July of 2022, and then rescheduled to August of 2022, giving employer ample time to plan for accommodations.

46A. Plaintiff further alleges that the June 2022 FMLA certification reflected surgery scheduled for June 27, 2022, an overnight stay, incapacity and recovery extending into August 2022, a ten-pound lifting restriction beginning January 18, 2022, a reduced schedule, and inability to perform lifting over ten pounds until corrected by surgery and recovery.

47. Following the letter, on March 15, 2022, a memorandum was sent to Plaintiff and his workplace notifying all relevant parties that Plaintiff was going to be on temporary light duty until he can return to full work duty.

47A. Plaintiff alleges that the March 15, 2022 temporary light-duty memorandum restricted Plaintiff from lifting more than five pounds, bending, twisting, prolonged walking, prolonged standing, and stair climbing, and directed that Plaintiff be assigned seated duties only until medically cleared.

48. On or about April 15, 2022, Supervisor 1 for Plaintiff denied the request for telework during Plaintiffs surgery recovery without any discussion with Plaintiff regarding the accommodation.

49. Following the denial of the request, Plaintiff was given a low score of 1 for his performance appraisal, falling into the unacceptable category.

49A. Plaintiff objected in writing to the 2022 appraisal and alleged that management ignored favorable work, relied on inaccurate criticisms, and was setting Plaintiff up to fail after accommodation-related issues and prior protected activity.

50. On the basis of not being accommodated for and then being given a low score for no reason, Plaintiff filed an EEO complaint on or around September 8, 2022, based on age discrimination, disability, and in reprisal for his prior EEO activity.

51. The Agency dismissed the claim stating that besides Plaintiffs speculation there is no evidence for the claims.

52. On or around September 26, 2024, Plaintiff filed another Certificate stating that he would need leave for incapacity plus treatment beginning on May 25, 2023, and lasting until August 22, 2023, with checkup appointments on June 19, 2023 and August 22, 2023.

52A. Plaintiff alleges that his sleep-apnea-related FMLA had previously been approved for two years and was later denied for a later period, and that Defendants attempted to characterize the issue as reasonable accommodation rather than continuing FMLA protection.

53. The Certificate stated that if Plaintiff does not lift anything heavier than 5 pounds and does not bend or twist, he can return to work.

54. This request was denied.

54A. Plaintiff further alleges that Defendants issued a memorandum dated August 23, 2023 denying FMLA leave and asserting that the request did not qualify as FMLA leave, and Plaintiff contends that denial was wrongful, retaliatory, inconsistent with prior approvals, and part of the pattern of conduct alleged in this action.

54B. Plaintiff alleges on information and belief that Defendants maintained additional records, emails, medical submissions, leave paperwork, and internal communications regarding Plaintiffs FMLA requests, restrictions, and denials that have not yet been fully produced to Plaintiff and are expected to be the subject of discovery.

55. Plaintiff received a notice of proposed removal on or about January 27, 2025, for Conduct Unbecoming Federal Employee.

56. Plaintiff responded on February 18, 2025, explaining the reasons were insufficient and that he was set up to make these mistakes.

56A. Plaintiff further alleges that during the same general period as the proposed removal and removal decision, Plaintiff had active or recently active EEO matters, and that the proposing and deciding officials participated in declaration or investigative activity connected to those administrative proceedings.

57. For example, one issue was Plaintiff accessing a building outside of his work hours but Plaintiff refuted this claim by stating that they did not shut off his access like they should, setting him up to make a mistake.

57A. Plaintiff alleges that in December 2021 he reported to the Inspector General that his 24-7 access to Building 570 had been cancelled without prior notice, that he had been told management directed access control to limit his access, and that his access was later restored.

57B. Plaintiff further alleges that in February 2024 Capt. Hussey contacted Plaintiff regarding an investigation into use of Building 570 after normal duty hours, and Plaintiff informed Capt. Hussey that he believed the issue had already been addressed by the Inspector General in or around December 2021 and that he had been improperly singled out.

57C. Plaintiff alleges on information and belief that Defendants possessed prior records, badge-access logs, communications with building security, Inspector General communications, and supervisory communications concerning Plaintiffs building access, and that such records would further corroborate Plaintiff's defense to the allegations used in the disciplinary process.

**57D.** Plaintiff further alleges that, before the events used to support discipline and removal, Plaintiff made communications to Dennis H. Lange of the 88th Air Base Wing Inspector General concerning workplace conditions, perceived retaliation and harassment, safety-related concerns, suspected fraud and abuse, and Plaintiff's belief that management was setting him up to fail.

**57E.** Plaintiff alleges that these communications included concerns regarding suspected sabotage of Air Force equipment and concerns related to workplace safety. Plaintiff also sought assistance through congressional offices concerning employment and safety-related matters. Plaintiff alleges on information and belief that Defendants' managers and officials had knowledge of some or all of these reports and communications.

**57F.** Plaintiff does not presently assert a separate whistleblower-protection claim in this action. Plaintiff pleads these reports and communications as factual background and as evidence relevant to protected activity, Defendants' knowledge, retaliatory motive, disparate treatment, credibility, and pretext. Plaintiff reserves the right to seek leave to amend if discovery produces facts supporting additional claims or parties.

58. Another instance was that Plaintiff would go to work early to avoid being late for his shift and the Agency said he was failing to observe his regularly scheduled tour of duty although many employees are known to go in a couple minutes early to avoid being late for work.

59. On or about April 22, 2025, Plaintiff was removed from his federal service effective that same day, restating the corroborated examples above and more.

59A. Plaintiff alleges that following the removal, his federal health coverage or benefits were terminated effective May 3, 2025, and that make-whole relief in this action should therefore include reinstatement with no break in service and restoration of pay, leave, retirement credit, insurance, and other benefits to the fullest extent permitted by law.

59B. Plaintiff alleges on information and belief that Defendants' stated reasons for discipline and removal were pretextual and omitted relevant context, including Plaintiffs prior complaints, medical restrictions, accommodation requests, FMLA activity, EEO activity, and management's prior handling of building access and related issues.

60. Plaintiff hereby reserves the right to amend or supplement any and all lines of this Complaint as necessary as facts, Parties and theories may be discovered.

## COUNT ONE RETALIATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT

61. Plaintiff hereby references and reincorporates each preceding line as if fully set forth hereat.

62. On June 8, 2022 Plaintiff filed a formal EEO Complaint, alleging discrimination based upon age, disability and reprisal for earlier EEO activity.

63. Following this EEO Complaint Plaintiff returned to working his normal duties however he was subjected to a pattern of activity that encompassed harassment, retaliation and discrimination in his employment in the ways enumerated herein, including but not necessarily limited to, being held to standards different than his peers, being subjected to discipline without cause, and being subjected to verbal harassment.

64. This pattern of activity was done in retaliation for Plaintiffs exercising of his rights under Title VII and by filing his EEO complaint.

64A. The retaliatory pattern included, on information and belief, the failure to engage reasonably with accommodation-related issues, reliance on disputed and negative performance documentation, scrutiny and restriction of access issues, and use of pretextual discipline while protected activity remained known to management.

65. This pattern of activity done in retaliation culminated on January 27, 2025 when Plaintiff was provided with a Notice of Proposed Removal, indicating his pending termination from employment.

66. The removal was planned for pretextual reasons including misconduct in performance but was actually done as a culmination of retaliation for Plaintiffs previous EEO activity.

67. The removal was effectuated on April 22, 2025.

68. Plaintiffs removal was done in violation of Title VII of the Civil Rights Act as it was done in retaliation for Plaintiffs previous exercise of rights to make an employment Complaint.

69. Therefore, Defendant is liable to Plaintiff for Retaliation under Title VII of the Civil Rights Act.

## COUNT TWO DISCRIMINATION UNDER THE REHABILITATION ACT OF 1973

70. Plaintiff hereby references and reincorporates each preceding line as if fully set forth hereat.
71. A cause of action under the Rehabilitation Act of 1973 has the same elements as a cause of action under the Americans with Disabilities Act.
72. Plaintiff has at least one disability under the meaning of the Americans with Disabilities Act.
73. Plaintiff was otherwise qualified for the position he occupied, with or without reasonable accommodation.
74. Plaintiffs disability was the motivating factor in the Defendants decision to terminate Plaintiff from his employment due to the close causal nexus between the Plaintiffs termination and the Plaintiffs notification to the Defendant of his status as disabled and all other reasoning for Plaintiffs termination was pretextual.

74A. Plaintiff further alleges that Defendants had notice of medical restrictions, requests for light duty, requests relating to leave and schedule, and other limitation-related information, yet failed to accommodate Plaintiff in good faith and later used the consequences of that failure as part of the narrative supporting discipline and removal.

75. Therefore, Defendant is liable to Plaintiff for Discrimination under the Rehabilitation Act of 1973.

## COUNT THREE RETALIATION UNDER THE FAMILY AND MEDICAL LEAVE ACT

76. Plaintiff hereby references and reincorporates each preceding line as if fully set forth hereat.
77. Plaintiff was a qualifying individual under the Family and Medical Leave Act as he worked for Plaintiff for at least the statutorily prescribed time before exercising his rights under the FMLA.
78. Plaintiff exercised his rights under the Family and Medical Leave Act by seeking absence protections for absences he took due to qualifying medical events.
79. Nevertheless, Defendant subjected Plaintiff to the disciplinary process which ultimately led to Plaintiffs termination within a close temporal nexus to Plaintiffs exercise of his rights under the Family and Medical Leave Act such that Defendants actions are presumptively retaliatory.

79A. Plaintiff further alleges that FMLA-related retaliation included the denial of qualifying leave, inconsistent treatment of qualifying medical certifications, recasting FMLA issues as something other than protected leave, and use of attendance- and conduct-related issues in a manner infected by hostility to Plaintiff's exercise of FMLA rights.

80. Therefore, Defendant is liable to Plaintiff for Retaliation under the Family and Medical Leave Act.

**PRAYER FOR RELIEF**

WHEREFORE, on the basis of the preceding allegations, the Plaintiff hereby prays that this Court grant the Plaintiff the following relief:

1. Grant Plaintiff an award of damages in an amount to be proven at trial but for not-less-than 1,000,000.
2. Reinstate Plaintiff to his full employment retroactive to the date of his termination as-if he was not removed.
3. Grant Plaintiff an award of all costs and attorneys fees incurred in this action as allowed by all applicable law.
4. Award Plaintiff any and all other relief as the Court deems just and proper.
5. Reinstate Plaintiff with no break in service and restore to Plaintiff, to the fullest extent permitted by law, all pay, seniority, retirement credit, leave, health insurance, life insurance, and other employment-related benefits lost as a result of the removal.
6. Grant such declaratory, injunctive, equitable, and make-whole relief as may be necessary to remedy Defendants' unlawful conduct.

RESPECTFULLY SUBMITTED this 8-31-2026.

/s/ Arthur F. Murfin
**Arthur F. Murfin**
300 Nickel St. STE 11 PMB 1031
Broomfield, Colorado 80020
303-217-0266
amcoalcreek@yahoo.com
Plaintiff, Pro Se

UNITED STATES

UNITED STATES POSTAL SERVICE. Retail

E

US POSTAGE PAID
$35.90
Origin: 80021
08/31/26
0710810238-21

PRIORITY MAIL EXPRESS®

ARTHUR F MURFIN
STE 11
300 NICKEL ST
BROOMFIELD CO 80020-2097

0 Lb 3.30 Oz
RDC 07

SCHEDULED DELIVERY DAY: 09/01/26 06:00 PM

C023

SHIP TO:
US DISTRICT COURT
OFFICE OF THE CLERK
STE 270
333 LOMAS BLVD NW
ALBUQUERQUE NM 87102-2274

USPS TRACKING® #

9570 1123 7434 6243 5624 93

FLA[T]
ONE RAT[E]
To sched[ule]
US
VISIT
ORDER
PS

PRIORITY
MAIL
EXPRESS®

RECEIVE[D]
UNITED STATES DISTRICT [COURT]
ALBUQ[UERQUE], NEW M[EXICO]
SEP 02 2[026]
ERIK PALT[H]
CLERK

223

United States District Court
office of the Clerk
suite 270
333 Lomas BLVD. N.W.
Albuquerque New Mexico
87102

GUARANTEED* ▪ TRACKED ▪ INSURED

For Domestic shipments, the maximum weight is 70 lbs. For international shipments, the maximum weight is 20 lbs.