**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ARTHUR F. MURFIN,

Plaintiff,

v. Civ. No. 25-664 JFR/JMR

UNITED STATES OF AMERICA, *a political entity*, THE DEPARTMENT OF DEFENSE, *a department of the government of the United States of America*, PETER B. HEGSETH, *in his official capacity as Secretary of Defense*, THE DEPARTMENT OF THE AIR FORCE, *a department of the government of the United States of America*, and TROY E. MEINCK, *in his official capacity as Secretary of the Air Force*,

Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO VACATE CONSENT**

THIS MATTER is before the Court on motion brought by Plaintiff, proceeding pro se – Motion to Vacate Consent to Magistrate Judge Jurisdiction and for Reassignment to a District Judge, filed July 23, 2026 (Doc. 49). Having reviewed the Motion and being fully advised on the premises, the Court finds that the Motion is not well taken and is therefore **DENIED**.

**A. Relevant Procedural Background.**

Plaintiff began this case counseled. *See* Doc. 1. Through his attorney, Plaintiff voluntarily consented to proceed before Magistrate Judge John F. Robbenhaar. Doc. 14. The form by which Plaintiff consented is not known to the Court, nor is it necessary. *See King v. Ionization Int'l, Inc.*, 825 F.2d 1180, 1185 (7th Cir. 1987); 14 MOORE'S FEDERAL PRACTICE - CIVIL § 73.03 (3d Ed. 2026) (no specific form for consent required by Federal Magistrates Act). Defendants in the case also gave notice to the Clerk of Court of their consent to proceed before the Undersigned. Doc. 15. Plaintiff then terminated his attorney and gave notice of his intent to

proceed pro se. Docs. 25, 26. Now proceeding pro se, Plaintiff filed his Motion to Stay All Dates and Proceedings Pending Decision by the Merit Systems Protection Board. Doc. 35. The Undersigned denied Plaintiff's Motion. Doc. 41. Plaintiff then filed Motion for Reconsideration of the Undersigned's Order (Doc. 45) and the instant Motion – Motion to Vacate Consent. Doc. 49.

**B. Controlling Law**

"Upon the consent of the parties, a full-time United States magistrate judge … may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves." 28 U.S.C. § 636(c)(1). Under this statutory provision, the magistrate judge may take position in the case as the presiding judge. He may decide dispositive matters, preside over trial, and issue final judgment in the case. By consent of the parties, the magistrate judge assumes the position of the district judge in the civil matter. *See* WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 3072 (3d ed. 2026). ("The magistrate judge's authority when presiding by special designation and with the consent of the parties is that of the district court; he or she therefore may perform all of the functions of a district judge.").

To proceed before a magistrate judge, the form of consent varies, but it must be unanimous. The parties must unanimously consent for a civil matter, including a jury or nonjury trial, to proceed before a magistrate judge. Fed. R. Civ. P. 73(a). No specific form of consent is required by the Federal Magistrates Act. 14 MOORE'S FEDERAL PRACTICE - CIVIL § 73.03 (3d Ed. 2026). In the Tenth Circuit, written consent is not required. *See e.g.*, *Jurado v. Klein Tools, Inc.*, 755 F. Supp. 368, 371 (D. Kan. 1991) (the parties' attorneys' consent given by telephone was held as sufficient). In the District of New Mexico, local rules prescribe that consent to the

magistrate judge will be by text only notice or completion of the consent/refusal form submitted to the Clerk. D.N.M. LR-Civ. 73.1(b).

The United States Supreme Court holds that consent to a magistrate judge may be inferred by conduct. *Roell v. Withrow*, 538 U.S. 580, 590 (2003). The reasoning underlying this holding is to prevent a party from withdrawing consent at its convenience. *Id.* "Inferring consent in these circumstances thus checks the risk of gamesmanship by depriving parties of the luxury of waiting for the outcome before denying the magistrate judge's authority." *Id.* Implied consent is not at issue here. Therefore, it would seem, the Court should be even less flexible in permitting the withdrawal of consent when the party has expressly given consent, as Plaintiff did here. *See* Doc. 14.

An attorney may consent on behalf of his client. "[Section] 636(c)(1) does not require the party itself to give consent nor does it foreclose the party's counsel from consenting on behalf of the party." *Jurado*, 755 F. Supp. at 370. The statute is interpreted in line with the general rule that an attorney has authority to bind his client by his actions taken within the scope of the representation. *Id.* "Consents to proceed before a Magistrate given by counsel for the parties are sufficient under the statute." *Id.* (citing *Freeman v. Petsock*, 820 F.2d 628, 629-30 (3d Cir. 1987); *Caprera v. Jacobs*, 790 F.2d 442, 443 (5th Cir. 1986); *Sullivan v. Bankhead Enters., Inc.*, 108 F.R.D. 378, 379 (D.Mass. 1985)).

Two different types of challenge to a magistrate judge's authority flow from 28 U.S.C. § 636 – vacating a referral from a district judge to a magistrate judge, § 636(b)(1)(B), and vacating consent for the magistrate judge to enter judgment and decide the case as the presiding judge, § 636(c)(1). The question becomes whether a district judge is required to hear both types of challenge.

The language of the rule and statute appears clear when it comes to the first type, the referral or reference of a dispositive matter by a district judge, to a magistrate judge. The rule states, “the district judge may vacate a *referral* to a magistrate judge under this rule.” Fed. R. Civ. P. 73(b)(3) (emphasis added). The statute states, “[t]he court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a *reference* of a civil matter to a magistrate [judge] under this subsection.” 28 U.S.C. § 636(c)(4) (emphasis added).

When parties have consented to the magistrate judge to preside over the case as the “consent judge” under section 636(c)(1), the water becomes murkier as to who has authority to decide the motion to withdraw consent to the magistrate judge’s jurisdiction under Rule 73(a).

There is a split of authority as to whether a magistrate judge has authority to rule directly on the motion to withdraw consent, or whether the motion must be decided by a district judge. 14 MOORE’S FEDERAL PRACTICE - CIVIL § 73.04 (3d Ed. 2026). The Ninth Circuit holds that a motion to vacate consent must be decided by a district judge. *See Branch v. Umphenour*, 936 F.3d 994, 1002 (9th Cir. 2019) (interpreting the language of rule 73(b)(3) – “district judge may vacate a referral” and the language of the statute – 28 U.S.C.§ 636(c)(4) – “the court may… vacate a reference” as granting the authority solely to the district judge). The Second, Fifth, and Seventh Circuits have conversely held that magistrate judges have authority to decide the motion to withdraw consent. *See McCarthy v. Bronson*, 906 F.2d 835, 838 (2d Cir. 1990), *Sockwell v. Phelps*, 906 F.2d 1096, 1097 (5th Cir. 1990), *Lorenz v. Valley Forge Ins. Co.*, 815 F.2d 1095, 1097 (7th Cir. 1987).

The Tenth Circuit has not spoken on the issue and practices vary across districts in the Circuit. *See e.g.*, *Clifford v. The Rd. Home*, No. 2:25-CV-00515-JCB, 2026 WL 2654201, at *2

(D. Utah Mar. 3, 2026), *report and recommendation adopted*, No. 2:25-CV-00515-JCB, 2026 WL 2645716 (D. Utah Sept. 8, 2026) (interpreting the language of Fed. R. Civ. P. 73(b)(3) as giving authority to the district judge, the magistrate judge submitted a Report and Recommendation to the chief judge, who then adopted it). *See also, e.g.*, *In re Cain*, No. 14-CV-01200-RM, 2014 WL 5904577 (D. Colo. Nov. 10, 2014) (district judge ruled on the motion to vacate reference to magistrate judge). *But see Lowrey v. City of Rio Rancho et al.*, No. 1:25-cv-0849 JFR/LF, (D.N.M. Aug. 29, 2025) (The magistrate judge ruled on the motion for reassignment.) "Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct any or all proceedings, and to enter an order of judgment, in the case." *Id.* Practice in this district appears to distinguish the authority given by order of reference and the authority given by consent.

This case will proceed in accordance with prior decisions by this Court, *id.*, the holdings in several sister circuits, and the reasoning that once a magistrate judge, by consent, assumes the presiding judge position he is subject to the circuit court's authority on appeal, 28 U.S.C. § 636(c)(3); Fed. R. Civ. P. 73(c), and is not subject to the supervisory authority of a district judge as he would be if on order of referral, 28 U.S.C. § 636(b)(1)(B). *See also* WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 3072 (3d ed. 2026) (when consented to, a magistrate judge performs the functions of the district judge). The Undersigned will decide the instant motion.

The Court now addresses whether Plaintiff may withdraw his consent to the magistrate judge. After a civil case has been referred to a magistrate judge under section 636(c)(1), a party does not have an absolute right to withdraw consent. *See Lowrey*, WL 1432550, at *6; *see also Rivera v. Rivera*, 216 F.R.D. 655 (D. Kan. 2003) (internal citations omitted). Once a party has

consented to proceed before a magistrate judge, section 636(c)(4) addresses the circumstances under which such consent may be withdrawn. *Lowrey*, WL 1432550, at *6. The statute reads, "[t]he court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge under this subsection." 28 U.S.C. § 636(c)(4).

When determining the existence of extraordinary circumstances, the Court considers:

> [U]ndue delay, inconvenience to the court and witnesses, prejudice to the parties, whether the movant is acting pro se, whether consent was voluntary and uncoerced, whether the motion is made in good faith or is dilatory and contrived, the possibility of bias or prejudice on the part of the magistrate, and whether the interests of justice would best be served by holding a party to his consent.

*Carter v. Sea Land Servs., Inc.,* 816 F.2d 1018, 1021 (5th Cir.1987) (internal citations omitted).

Firing one's attorney is an ordinary decision in litigation and does not amount to "extraordinary circumstances" required to withdraw the otherwise binding consent of counsel. *Smith v. Chambers-Smith*, No. 1:24-CV-505, 2025 WL 2644242 at *3 (N.D. Ohio Sept. 15, 2025), *report and recommendation adopted*, No. 1:24-CV-505, 2025 WL 3120322 (N.D. Ohio Nov. 7, 2025). Further, dissatisfaction with a magistrate judge's ruling does not constitute "extraordinary circumstances." *Sanches v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 647 F.3d 156, 172 (5th Cir. 2011). And finally, a motion to vacate referral under 28 U.S.C. § 636(c)(4) is reviewed for abuse of discretion. *Id.* at 171.

**C. Plaintiff's Motion and Defendants' Response**

In the present motion, Plaintiff asserts he never knowingly, personally or voluntarily consented to a magistrate judge in place of an Article III district judge. Doc. 49, at 1. He contends he never signed a consent form nor authorized his former counsel to consent on his behalf. *Id.* To show he was not consulted about the decision, Plaintiff attaches an email to his

motion where he asks his former attorney if the magistrate judge was consented to. *Id.* at 2, Ex. E.

Plaintiff argues that his case meets extraordinary circumstances and good cause. He acknowledges that actions taken by counsel are binding upon the client, but because the consent was made without his knowledge or "informed authorization" he asserts it rises to the level of extraordinary circumstances. *Id.* at 2. He also insinuates that he should not be bound by his former counsels' actions because he is now proceeding pro se.

Plaintiff asserts four reasons extraordinary circumstances and good cause exist in his case. First, he did not personally consent, it was done without his knowledge, and therefore it was involuntary. Second, his former counsel did not consult him about proceeding before a magistrate judge, among other "fundamental litigation choices" that left him in the dark. *Id.* at 2. Third, once he assumed pro se status and learned of the consent to the magistrate judge, he promptly objected to it. Fourth, it is in the interest of fairness and confidence in the judicial process that Plaintiff should be reassigned to a district judge.

Lastly, Plaintiff attaches exhibits related to his former counsel's referral process as support for the breakdown of the attorney-client relationship and his lack of knowledge, which he argues amount to extraordinary circumstances. The Court declines to see the relevance of the attachments as related to the instant motion.

Plaintiff asks the Court to vacate prior consent and reassign his case to a district judge, contending that his motion challenges the fairness of the consent process and not the "integrity or impartiality of the assigned magistrate judge." *Id.* at 3.

Defendants respond, stating that Plaintiff has not shown good cause nor extraordinary circumstances to warrant vacatur and reassignment. They correctly point out that Plaintiff

includes no citations to case law supporting his argument. Doc. 50, at 2. At best, his attached exhibits support his assertion that he did not explicitly consent to Judge Robbenhaar. *Id.* at 4. Defendants refute Plaintiff's argument that Plaintiff "promptly" objected to consent when he became pro se. Doc. 50, at 2-3. Rather than challenging his consent immediately after terminating his counsel, he waited three months, and only then filed this motion after the Undersigned denied his motion to stay proceedings.

**D. Analysis**

As Plaintiff acknowledges, he is bound by his attorney's actions, which include his consent to proceed before a magistrate judge. *See Jurado*, 755 F. Supp. at 370. Here, Plaintiff has not argued any fact or legal theory to challenge that his attorney acted outside of his authority, other than stating he was not personally informed or consulted about the decision to consent to the Undersigned. Doc. 49 at 2; *see Jurado*, 755 F. Supp. at 371. Finding that Plaintiff's consent was properly entered pursuant to the federal and local rules of civil procedure, the Court now determines whether Plaintiff may withdraw his consent upon a finding of "extraordinary circumstances." Fed. R. Civ. P. 73(b)(3); *Carter*, 816 F.2d at 1021.

While Plaintiff is now proceeding pro se and that is a consideration for the Court under *Carter*, Plaintiff was represented at the time consent was entered and is therefore bound by his attorney's action as his agent. *Carter*, 816 F.2d at 1021; *Jurado*, 755 F. Supp. at 370. Plaintiff later firing his attorney does not relieve him of the valid consent entered and does not rise to the level of extraordinary circumstances. *Smith*, WL 2644242 at *3. The Court finds that Plaintiff's consent was not involuntary or coerced. *Carter*, 816 F.2d at 1021.

The Court now turns to the timeliness and prejudice analysis of Plaintiff's Motion to Vacate Consent. Plaintiff alleges he promptly objected to his former counsel's consent. Doc. 49

at 2. The Court disagrees. Plaintiff fired his counsel in March of 2026, filed a Motion to Stay Proceedings (Doc. 35), and then four months later, filed the instant Motion, objecting to consent for the first time (Doc. 49). The Court finds Plaintiff's objection to consent not timely. It is the Court's opinion that Plaintiff now seeks to vacate consent only after an unfavorable decision was handed to him by the magistrate judge. *See Sanches*, 647 F.3d at 172 (dissatisfaction with magistrate judge's rulings do not constitute "extraordinary circumstances"). Plaintiff's motion was dilatory and not in good faith. *Carter*, 816 F.2d at 1021.

In his Motion, Plaintiff points to no prejudice other than stating he did not personally consent to proceeding before the magistrate judge and unknowingly waived his right to proceed before a district judge. He reasserts this point to argue reassignment is in the interest of fairness and confidence in the judicial process. Doc. 49 at 2-3. His challenge to the consent process lacks any specific assertion that his case cannot be heard fairly and impartially by the magistrate judge. *Id.* In fact, his motion states, "Plaintiff does not challenge the integrity or the impartiality of the assigned magistrate judge." *Id.* at 3. The Court, therefore, finds that Plaintiff has not shown extraordinary circumstances warranting vacatur of consent. The Court holds that Plaintiff is bound by his consent to the Undersigned, by way of his attorney, entered early in the case. Holding Plaintiff to his consent causes him no prejudice and does not thwart a fair and just adjudication of his claims.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Vacate Consent is **DENIED**.

**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**
**Presiding by Consent**